WALSH *v.* JELLEN.

(No. 958217—Decided January 31, 1977.)

Court of Common Pleas of Cuyahoga County.

*Mr. John J. Grady,* for plaintiff.
*Mr. Ronald J. Deery,* for defendant.
*Mr. Martin J. Murphy* and *Mr. Robert L. Baker,* for third-party defendant.

McMONAGLE, J. This is an action in which the plaintiff sued the defendant Sandra L. Jellen to recover damages allegedly suffered in an automobile collision on October 19, 1975. Defendant filed an answer on November 1, 1976; and on November 19, 1976, filed a third-party complaint against the defendant, Richard T. Zytkowski. The following are the 4th, 5th, 6th and 7th paragraphs and the prayer of the third-party complaint:

"4. Defendant-third party plaintiff, Sandra L. Jellen, says as one of her affirmative defenses in said answer that her negligence, if any, was not the proximate cause of the accident set forth in the complaint filed against her, but rather that said accident was caused solely by the negligence of Richard T. Zytkowski, who is mentioned in paragraph 3 of the complaint.

"5. Defendant-third party plaintiff, Sandra L. Jellen, further says that on or about October 19, 1975, she was operating an automobile in an eastbound direction on Lorain Road, North Olmsted, Ohio, when by reason of the negligence of third party defendant, Richard T. Zytkowski, who was operating a vehicle in a northbound direction on Brenden Lane, her automobile was struck by the automobile being operated by third party defendant, causing her automobile to strike the automobile being operated by plaintiff Gerald A. Walsh, Sr., which automobile was facing in a westerly direction on said Lorain Road.

"6. While not intending to admit negligence as alleged in the complaint filed against her, defendant-third party plaintiff, Sandra L. Jellen, says that if she is adjudged to be a tortfeasor, negligent, and liable to plaintiff Gerald A. Walsh, Sr., then said negligence is joint and several with the negligence of third party defendant, Richard T. Zytkowski, who failed to yield the right of way to defendant-third party plaintiff.

"7. If defendant-third party plaintiff, Sandra L. Jellen, and third party defendant, Richard T. Zytkowski, are adjudged to be tortfeasors, negligent, and jointly and severally liable to plaintiff Gerald A. Walsh, Sr., then defendant-third party plaintiff, Sandra L. Jellen, is entitled to contribution from third party defendant, Richard T. Zytkowski, pursuant to Sections 2307.31 and 2307.32 of the Ohio Revised Code.

"WHEREFORE, defendant-third party plaintiff, Sandra L. Jellen, prays that if she is found to be a tortfeasor, negligent, and liable to plaintiff Gerald A. Walsh, Sr., then her negligence is joint and several with the negligence of third party defendant, Richard T. Zytkowski, and that she is entitled to contribution from third party defendant, Rich-

ard T. Zytkowski, pursuant to Sections 2307.31 and 2307.32 of the Ohio Revised Code, in a proportionate amount of any judgment rendered against defendant-third party plaintiff in favor of plaintiff Gerald A. Walsh, Sr."

The third-party defendant, Richard T. Zytkowski, filed a motion to dismiss the third-party complaint and for summary judgment. Attached to the motion is an affidavit averring that for the sum of $1775.81 paid by the liability insurance company of the third-party defendant, the plaintiff executed a covenant not to sue the said third-party defendant. A photostatic copy of the covenant not to sue is attached to the said affidavit. The said covenant not to sue was obviously given in good faith and for a valuable consideration to the said third-party defendant. The motion to dismiss and for summary judgment is treated by the court as a motion for summary judgment under Civ. R. 56.

It is the contention of the defendant Jellen who is the third-party plaintiff that she has a cause of action for contribution against Richard T. Zytkowski under the provisions of Am. H. B. 531 (R. C. 2307.31 and 2307.32) which provides for contribution among two or more persons jointly or severally liable in tort. The provisions of these two sections of the Revised Code constitute a substantial change in the law of Ohio. It had been fundamental in our law that there is no right to contribution amongst joint tortfeasors.

11 Ohio Jurisprudence 2d 577, Contribution, states at section 20:

"It is the well-settled general rule that the law will not enforce contribution between joint tortfeasors."

Heretofore a claimant could select one or more of any joint tortfeasors and prosecute a claim solely against those so chosen by him and the defendant or defendants were not entitled to require contribution either amongst themselves or against a joint tortfeasor who had not been named in the action. These sections of the Revised Code change that rule of law and specify the procedures that may be followed in requiring such contribution.

The motion for summary judgment of the third-party

defendant asking that the third-party compaint be dismissed is predicated upon two contentions:

(1) That the said Act which became effective on October 1, 1976, does not appy to occurrences which have taken place prior to the said effective date of the Act.

(2) If it be held that the said Act does have retroactive effect, the defendant is barred from asserting the claim contained in his third party complaint because the plaintiff herein had executed a covenant not to sue the third party defendant.

The court finds that the said first contention by the third party defendant is well taken and the court holds that the said Act does not apply retroactively. The Act itself does not contain any provisions with reference as to whether it applies prospectively or retrospectively. In this respect it is comparable to the provisions of the Ohio Malpractice Act, Amended Sub. H. B. 682.

Judges George J. McMonagle and George W. White of the Cuyahoga County Common Pleas Court have heretofore held in the case of *Graley* v. *Satayatham* (1976), 343 N. E. 2d 832, that the said Malpractice Act does not apply retroactively. The reasons contained in said opinion for such holding apply to the said Contribution Act.

The court further holds that the said covenant not to sue that had been executed by the plaintiff herein does constitute a bar to the assertion of a cause of action for contribution by the original defendant herein against the third-party defendant. Because the said Contribution Act has very recently become effective, there are no reported decisions with reference to it. However, the Act itself is the subject of an analysis that was made by Mr. James L. Young who is the Secretary of the Ohio Legal Center Institute. This analysis is contained in its publication "Update '76." This court concurs in the opinions contained therein that are the subject matter of the within proceeding. The said "Update" does contain expressions of opinion with reference to other phases of the Contribution Act. (See Appendix.)

It is, therefore, hereby ordered that the motion for summary judgment filed by the third-party defendant be

and it is hereby granted and the third-party complaint filed herein be and it is hereby dismissed.

*Judgment accordingly.*

### APPENDIX

The court has concluded that it would be helpful to those members of the bench and bar who have not seen the discussion contained in said "Update" to include it herein.

"Am. H. B. 531. Eff. 10-1-76

"Enacts Secs. 2307.31 and 2307.32, R. C., to provide for contribution by joint tortfeasors.

"H. B. 531 is the Uniform Contribution Among Joint Tortfeasors Act, with minor changes, as revised by the Commissioners of Uniform State Laws in 1955. The original act was proposed in 1939. The text of the Uniform Act may be found in the 1955 Handbook of the National Conference of Commissioners on Uniform State Laws at pp. 218-220.

"A plaintiff may sue one or more joint tortfeasors. He need not sue all. He may collect from one and ignore the others. The purpose of the Act is to distribute the burden equitably among those who are jointly liable.

### Comparative Table

| H. B. 531 | Uniform Act |
|---|---|
| Sec. 2307.31(A) | Sec. 1(a), (b) and (c) |
| Sec. 2307.31(B) | Sec. 1(d) |
| Sec. 2307.31(C) | Sec. 1(e) |
| Sec. 2307.31(D) | Sec. 1(f) |
| Sec. 2307.31(E) | Sec. 1(g) |
| Sec. 2307.31(F) | Sec. 2 |
| Sec. 2307.31(G) | Sec. 3(a) |
| Sec. 2307.32(A) | Sec. 3(b) |
| Sec. 2307.32(B) | Sec. 3(c) |
| Sec. 2307.32(C) | Sec. 3(d) |
| Sec. 2307.32(D) | Sec. 3(e) |
| Sec. 2307.32(E) | Sec. 3(f) |
| Sec. 2307.32(F) | Sec. 4 |
| Sec. 2307.32(F)(1) | Sec. 4(a) |
| Sec. 2307.32(F)(2) | Sec. 4(b) |

"The following is adapted from the comment which accompanies the text in the Commissioners' Handbook and is provided to explain the provisions of the Ohio Law.

"2307.31(A) establishes who is covered and extends that coverage beyond the technical concept of joint liability. Has been held to exclude those who are not liable for other reasons, e. g., wife to husband. Sec. 1(a), Act.

"establishes extent of liability for one liable, proportionate share. The Act uses pro-rata share. Concept comes from contract and surety cases. Sec. 1(b), Act.

"insures that the Act does not operate to aid an intentional wrongdoer. Sec. 1(c), Act.

"2307.31(B) designed to encourage settlement. Defendant may settle for less than total liability and remove himself from the case. If he settles the total liability for all defendants, it is only fair that he have contribution.

"2307.31(C) inclusion prompted by differing decisions under the 1939 Act. The argument against subrogation is that the insurer was paid full consideration for the risk, so why give the insurer a windfall? The argument ignores the fact that the contribution will be reflected in lower risk rates, hence the inclusion.

"2307.31(D) designed to cover situations like the master-servant vicarious liability. The servant has no possible claim against the master. The master does not need contribution because he is entitled to indemnity against the servant when he discharges the vicarious liability.

"2307.31(E) the provision is to make sure that breaches of trust duty, like intentional torts, are not rewarded by allowing contribution.

"2307.31(F) resolves policy questions.

"(1) recognizes and registers the lack of need for a separate comparative negligence or degree of fault rule in contribution cases by providing a basis for division of liability.

"(2) specifically invokes the rule of equity that class liability (master and servant, e. g.,) be a single share.

"(3) makes it clear that equity applies except as otherwise provided. Can't be comprehensive in delineating the

application, *e. g.*, A, B, and C are jointly liable. A pays and C is insolvent. ½ or 1/3 from B? It all depends on the circumstances of the insolvency.

"2307.31(G) underscores the obvious. The separate action reaches the joint tortfeasors who have not been joined.

"2307.32(A) states the post-judgment procedure. Based on the New York statute. Best to let the defendants resolve liability after the plaintiff's claim is established. Plaintiff must be given notice of the motion for contribution determination because he may not have realized on his judgment.

"impleading and cross-complaints among joint tortfeasors in the original action is left to local practice, that is, to the provisions of the Civil Rules.

"2307.32(B) the statute of limitations presents an insoluble problem. The defendant who pays, has no claim for relief against his joint tortfeasors until he pays and there must be a limitation placed upon his seeking contribution, but the period of limitations so established has the effect of extending a short period of limitations, malpractice, *e. g.*, for the joint tortfeasors.

"2307.32(C) an anti-laches provision. Provides for a statute of limitations in the two settlement situations: (1) entire liability settled, no action filed by the plaintiff; and (2) entire liability settled while action is pending and before judgment.

"the provision prevents a long delay in asserting contribution by virtue of installment payments. Under each clause, the party seeking contribution must discharge the obligation by actual payment within the prescribed time or lose his right to contribution.

"2307.32(D) restatement of a well established rule.

"2307.32(E) *Res adjudicata.* Necessary because courts where the Act has been adopted have reached differing conclusions as to whether or not the judgment in the original case is *res adjudicata* on the determination of claims for contribution. The section is based upon the belief that defendants should be bound among themselves

by the adjudication of their liability to the plaintiff.

"2307.32(F) keyed to offset the technical effect of a release by placing a release and a covenant not to sue or not to enforce a judgment on the same basis. Independent settlement is advantageous to the plaintiff and the settling defendant alike and is to be encouraged.

"2307.32(F)(1) the 1939 version of the Act had an anti-collusion provision which didn't work. The basic policy is that settlement should not be discouraged. The good faith provision is the key to preventing collusion under this statute.

"APPLICABILITY: A question has been raised as to the case to which this new law is applicable. It would seem that the right of contribution is a substantive right. Article II, Sec. 28, of the Ohio Constitution prevents retroactive substantive legislation. Thus, H. B. 531 applies only to claims for relief arising on and after the effective date of the statute, October 1, 1976."