WELLS, Appellee and Cross–Appellant, et al.,

v.

SPIRIT FABRICATING, LTD., Appellant and Cross–Appellee.

[Cite as *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69755.

Decided Aug. 5, 1996.

*Carlin & Carlin, William A. Carlin* and *Paul E. Carpenter,* for appellee and cross-appellant.

*Reminger & Reminger Co., L.P.A., William P. Farrall* and *Clifford C. Masch,* for appellant and cross-appellee.

JAMES M. PORTER, Judge.

Defendant-appellant/cross-appellee Spirit Fabricating, Ltd. appeals from a jury verdict and judgment finding it liable for plaintiff-appellee/cross-appellant Christine Wells's injuries resulting from a rear-end collision in which defendant's employee failed to maintain the assured clear distance. Defendant claims that the trial court erred because, under the doctrine of *respondeat superior,* the plaintiff's prior release of the employee released the employer, because the employee was not in the scope of his employment at the time of the accident, and because the trial court erred in instructing the jury on agency. The cross-appellant contends that the trial court erred in granting the employer relief from judgment under Civ.R. 60(B) when it failed to satisfy the requirements of the rule and that relief was granted solely for the purpose of preserving an otherwise untimely appeal. We find merit to the appeal and reverse for the reasons hereinafter stated. The cross-appeal is denied.

This case involved injuries sustained by plaintiff when defendant's employee, Robert M. Puleo, negligently rear-ended her vehicle on June 7, 1988. Puleo had injured his hand at work that day. When the collision occurred, he was on his way to the hospital to seek treatment. Initially, plaintiff filed suit solely against

Puleo. Plaintiff then filed an amended complaint adding defendant Spirit as a party, asserting a claim under the doctrine of *respondeat superior*. Plaintiff alleged that, at the time of the accident, Puleo was an employee of defendant and was acting within the scope of his employment. Thereafter, plaintiff entered into a settlement with Puleo and signed a release agreement.

On September 28, 1990, defendant filed its motion for summary judgment arguing that the settlement and release of Puleo necessarily released defendant. Defendant also argued that, as a matter of law, Puleo's negligent acts did not occur within the scope of his employment. On November 14, 1990, plaintiffs filed their motion in opposition to defendant's summary judgment motion and filed their own cross-motion for summary judgment. On December 18, 1990, the trial court overruled both motions.

On May 7, 1991, the case went to jury trial solely on the issue of whether Puleo was acting within the scope of his employment at the time of the accident. The jury determined by answer to interrogatory that he was. On May 9, 1991, the trial court reconfirmed its earlier decision and again overruled defendant's motion for summary judgment, stating that the "release of an employee does not, as a matter of law, release the employer from liability. See the Uniform Contribution Among Tortfeasors Act, ORC 2307.32(F)."

Trial was then scheduled to determine the extent of plaintiff's damages. Prior to trial, a stipulated amount of damages was agreed upon by the parties and journalized by the court on August 30, 1994. On September 23, 1994, defendant filed a notice of appeal to this court.

On September 7, 1995, this court, in a two-to-one decision, issued its written opinion and determined that defendant could not appeal regarding the issues that the release and scope of employment protected defendant from liability as it had agreed to the terms of the judgment via a stipulated damages entry. *Wells v. Spirit Fabricating, Ltd.* (Sept. 7, 1995), Cuyahoga App. No. 67940, unreported, 1995 WL 527541. While this court ruled that the agreed judgment entry was not subject to appeal, it noted that the proper procedural remedy to clarify the August 30, 1994 judgment entry to preserve issues for appeal as agreed was to file a motion for relief from judgment. Specifically this court stated:

"It should be noted, contrary to defendant's argument, that the additional documents would not change the result of this appeal. Trial courts speak only through journal entries, such as the trial court's August 30, 1994 and March 20, 1995, agreed judgment entries in this case. During the pendency of this appeal, however, the trial court lacked jurisdiction to journalize its subsequent May 23, 1995 entry. At this point, the proper procedure to clarify an entry is to file a motion for relief from the prior agreed judgment entries." *Id.* at 6.

On September 19, 1995, defendant filed a motion for relief from judgment under Civ.R. 60(B) with the trial court. On October 26, 1995, over plaintiff's opposition, the trial court granted the motion and stated as follows:

"Motion for Relief from Judgment granted. Per the stipulation of the parties the court finds damages in the amount of $250,000. The court preserves the right of the Defendant to appeal the jury's findings on the issues of agency and release."

On October 27, 1995, defendant filed its notice of appeal with this court. The plaintiff timely filed a cross-appeal challenging the trial court's actions in granting relief from judgment because of defendant's failure to satisfy Civ.R. 60(B) and an abuse of discretion in otherwise preserving an untimely appeal.

We will address plaintiff's cross-assignments of error first, as they concern jurisdictional issues.

## CROSS–APPEAL

Plaintiff/cross-appellant designates the following two assignments of error:

"I. The trial court erred to the prejudice of Wells and abused its discretion when it granted Spirit's motion for relief from judgment where movant failed to satisfy the requirements contained in Civil Rule 60(B).

"II. The trial court erred to the prejudice of Wells and abused its discretion when it granted Spirit's motion for relief from judgment solely for the purpose to preserve an otherwise untimely appeal."

We will address these cross-assignments of error together for ease of discussion because they are closely related.

The issue on appeal from a ruling on a Civ.R. 60(B) motion for relief from judgment is whether the trial court abused its discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915–916; *Trebmal Constr. v. Cuyahoga Cty. Bd. of Revision* (1994), 94 Ohio App.3d 246, 255, 640 N.E.2d 601, 607. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Civ.R. 60(B) is a remedial rule that is to be liberally construed with a view for effecting a just result. *State ex rel. Citizens for Responsible Taxation v. Scioto Cty. Bd. of Elections* (1993), 67 Ohio St.3d 134, 136, 616 N.E.2d 869, 871.

The requirements necessary for a motion seeking relief from judgment have been set forth in paragraph two of the syllabus of *GTE Automatic Elec.*,

*Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

In regard to the first element, we find no merit to plaintiff's claim that Spirit failed to present sufficient evidence showing it had a meritorious defense to present. Spirit contends that a hearing on its motion for relief from judgment was held in the court's chambers on October 26, 1995. This court in *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 228–229, 10 O.O.3d 227, 230–231, 382 N.E.2d 1179, 1184, held that once the trial court grants a hearing on a motion for relief from judgment, "any appeal taken from the court's action thereon is not decided upon the material submitted with the motion but upon whether the evidence introduced at the hearing satisfies the three requirements of *GTE.*"

 Plaintiff contends that only an in-chambers conference was held on this date and that there was no opportunity to present evidence. The appellant bears the burden of providing a transcript when it is necessary to the disposition of any question on appeal. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565–566. In the instant case, no transcript of the in-chambers hearing was available. The court in *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 620 N.E.2d 152, was confronted with a similar situation where the parties disputed whether a hearing or conference was conducted by the trial court. The court held that if no transcript is available, appellant must invoke the procedures of App.R. 9(C) or 9(E) to reconstruct what occurred at the proceeding and that, not having done so, appellant waived any error. *Id.* at 524, 620 N.E.2d at 159–160. See, also, *Kelm v. Kelm* (1992), 73 Ohio App.3d 395, 400, 597 N.E.2d 535, 537–538 ("[A]bsence of a court reporter does not preclude there having been a hearing. * * * [D]efendant could have supplied a statement in lieu of a transcript to indicate that which did transpire on that date * * * pursuant to App.R. 9[C]."); *Palmer v. Kaiser Found. Health* (1991), 64 Ohio App.3d 140, 142, 580 N.E.2d 849, 850–851 (hearing was held in chambers but not recorded; no App.R. 9[C] statement was presented; the court held that informal hearing is not improper when the evidentiary witnesses are the lawyers). "In the absence of all the relevant evidence introduced at the hearing in support of and in opposition to the motion for relief from judgment, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial

court." *Bates & Springer, Inc., supra,* 56 Ohio App.2d at 229, 10 O.O.3d at 231, 382 N.E.2d at 1184. Therefore, we presume that sufficient evidence of Spirit's meritorious defense was presented.

■ We also find that Spirit was entitled to relief pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows relief for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) may "be used in an extraordinary and unusual case when the interest of justice warrants it." *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 105, 68 O.O.2d 251, 255, 316 N.E.2d 469, 470. We find that this was such a case.

■ Civ.R. 60(B)(5) provides the trial court with sufficient discretion to fashion a remedy that is unavailable under any of the other provisions of the Rule. Cross-appellant argues against the application of Civ.R. 60(B)(5) because the underlying basis for the requested relief from judgment is said to be more specifically addressed in Civ.R. 60(B)(1) (*i.e.,* mistake, surprise, inadvertence), which is subject to a one-year limitation. However, we find the cross-appellant's arguments in this regard are without basis. In *Lintz v. Lintz* (June 12, 1992), Portage App. No. 90–P–2261, unreported, 1992 WL 188354, the court considered the application of Civ.R. 60(B)(5) as a means of seeking relief from an agreed entry which does not correctly reflect the intent of the parties. In holding that Civ.R. 60(B)(5) could apply to this situation, the *Lintz* court reasoned that Civ.R. 60(B)(5) could apply if a stipulated entry was materially different from the parties' agreement and was submitted by the opposite party. The basis for this ruling is that it comports with the general rule that a writing should be strictly construed against the drafter. *C.B.H., Inc. v. Joseph Skilken & Co.* (Dec. 17, 1993), Lake App. No. 93–L–038, unreported, 1993 WL 548497.

In the case at bar, the stipulated corrective entry was signed by counsel for *both* parties. In that event, the reasoning articulated in *Lintz* and *C.B.H.* have equal application to the case at bar.

In any event, even if this court were to agree that the relief requested in the motion was properly governed by Civ.R. 60(B)(1) rather than (5), we find that the motion was nevertheless timely filed. In *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 146–147, 637 N.E.2d 890, 895, the Supreme Court held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. The court stated:

"The issue presented by the court of appeals' decision is whether a trial court retains jurisdiction to consider a Civ.R. 60(B) motion for relief from judgment when an appeal from the same judgment is pending.

"Although some Ohio appellate courts have adopted the view that trial courts can consider the merits of a Civ.R. 60(B) motion without interfering with

reviewing courts' appellate jurisdiction, see, e.g., *Bank One, Columbus, N.A. v. O'Brien* (Dec. 31, 1991), Franklin App. Nos. 91AP–165 and 91AP–440, unreported, at 23, 1991 WL 281436; *Day v. MacDonald* (1990), 67 Ohio App.3d 240, 586 N.E.2d 1135; * * *, we have expressly held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107, citing *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 574 N.E.2d 1142, with approval."

This court has also addressed this issue in *Reese v. Proppe* (1981), 3 Ohio App.3d 103, 104, 3 OBR 118, 119, 443 N.E.2d 992, 995, wherein we stated:

"A trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void. *Vavrina v. Greczanick* (1974), 40 Ohio App.2d 129 [69 O.O.2d 146, 318 N.E.2d 408]."

■ Under Ohio law, the pendency of an appeal prevents the trial court from entertaining a Civ.R. 60(B) motion; it necessarily follows that an appeal tolls the one-year time limitation until the appeal is decided. The one-year time limitation did not restart until the journalization of our original decision on September 18, 1995. Since Spirit filed the motion for relief with the trial court on September 19, 1995, we find that the motion was timely filed and does not prevent a review of the merits.

■ A motion under Civ.R. 60(B)(5) may be made within "a reasonable time." It is not subject to the one-year limitation applicable to Civ.R. 60(B)(1), (2) and (3). *Taylor v. Haven* (1993), 91 Ohio App.3d 846, 849, 633 N.E.2d 1197, 1198–1199; *In re Watson* (1983), 13 Ohio App.3d 344, 346, 13 OBR 424, 425–426, 469 N.E.2d 876, 878–879; *In re Murphy* (1983), 10 Ohio App.3d 134, 138, 10 OBR 184, 188–189, 461 N.E.2d 910, 915–916; *Baptist Church v. Pipkins* (1979), 64 Ohio App.2d 285, 288, 18 O.O.3d 319, 321, 413 N.E.2d 850, 853–854. The determination as to what constitutes a reasonable time is for the trial court in the exercise of its sound discretion. *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 128, 623 N.E.2d 163, 170–171. Spirit was unable to have the judgment entry corrected until after the September 7, 1995 opinion issued by the court of appeals was journalized. At that time, Spirit immediately remedied the procedural deficiencies in the case in the manner designated by the court of appeals by filing a motion for relief from judgment under Civ.R. 60(B)(5) on September 19, 1995. It acted within a reasonable time, within one day after the trial court regained jurisdiction over the case. Therefore, we find no abuse of discretion by the trial court in entertaining the motion and granting the relief.

Cross-appeal Assignments of Error I and II are overruled.

We will now address defendant's assignments of error.

"I. The trial court erred in denying defendant-appellant's motion for summary judgment because the release signed by the plaintiffs with Mr. Puleo barred any claim against defendant-appellant Spirit Fabricating Ltd."

Defendant Spirit argues that it cannot, as a matter of law, be held liable for any injuries resulting from the alleged negligence of its employee, Puleo, since the plaintiff and Puleo entered into a release which released Puleo from any liability stemming from the motor vehicle accident. Defendant's argument proceeds on the theory that where the liability of a master for a tort committed by his servant is based solely upon the doctrine of *respondeat superior*, a valid release of the servant necessarily releases his master. This argument is premised on the concept that the employee is primarily liable and the employer only secondarily liable.

Whether the release of an employee also works to release the employer appears to be a case of first impression for Ohio courts, although the United States Circuit Court for the Sixth Circuit addressed this point in *Munson v. United States* (C.A.6, 1967), 380 F.2d 976, discussed below.

The Ohio Supreme Court in *Losito v. Kruse* (1940), 136 Ohio St. 183, 16 O.O. 185, 24 N.E.2d 705, held in its syllabus:

"When, under the doctrine of *respondeat superior*, a master becomes liable in damages for personal injuries caused solely by the negligent act of his servant, the latter is primarily liable and the former secondarily liable to the injured party; and if the master is obliged to respond in damages by reason of such liability, he will be subrogated to the right of the injured party and may recover his loss from the servant, the one primarily liable."

The court *in dicta* then held that:

"A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master." *Id.* at 188, 16 O.O. at 187, 24 N.E.2d at 707.

The rationale of this rule is to protect the employer's indemnification rights against the employee, who bears primary liability. This court in *Spalding v. Coulson* (1995), 104 Ohio App.3d 62, 74–75, 661 N.E.2d 197, 205, explained the rule of implied indemnity as follows:

" ' "Where a person is chargeable with another's wrongful act and pays damages to an injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas the person committing the wrongful act is primarily

liable." *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 14, 70 O.O.2d 6, 8, 321 N.E.2d 787, 789.

" 'Therefore, one party must be "chargeable" for the wrongful act of another as a prerequisite for indemnity.' *Convention Center Inn, Ltd. v. Dow Chemical Co.* (1990), 70 Ohio App.3d 243, 247, 590 N.E.2d 898, 900.

"Indemnification is a right which arises only within the context of a relationship wherein one party is found to be vicariously liable for the acts of a tortfeasor. Vicarious liability can be found only when the parties possess a special relationship that gives rise to vicarious liability as a matter of law. * * * ' * * * Relationships which have been found to meet this standard are the wholesaler/retailer, abutting property owner/municipality, independent contractor/employer, and master/servant. * * * *Indemnification is not allowed when the two parties are joint or concurrent tortfeasors and are both chargeable with actual negligence.*' (Emphasis added.) *Reynolds v. Physicians Co. of Ohio* (1993), 68 Ohio St.3d 14, 16, 623 N.E.2d 30, 31–32."

The Sixth Circuit in *Munson,* 380 F.2d at 978–979, applied *Losito*'s rationale and the above principles of indemnity in addressing the identical issue we address here. The court found that the release of the servant necessarily exonerates the master. In so holding, the court stated:

"Although there are no Ohio cases directly [on] point where a release of the servant was held to release his master, the authorities on the subject emphasize that the reason for such a rule was to protect the normal right of indemnity which the master holds by subrogation through any judgment rendered against him in favor of the plaintiff.

" 'A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master.' *Losito v. Kruse,* 136 Ohio St. 183, 188 [16 O.O. 185, 187] 24 N.E.2d 705, 707, 126 A.L.R. 1194 (1940).

"That is, where plaintiff recovers from the master, he in turn, is subrogated to plaintiff's rights against the servant and may recover from him.

"However, where plaintiff has first released the servant, the master would be unable to pursue his indemnity from the servant since his claim is based upon that of the plaintiff and would be blocked by the agreement concluded between plaintiff and the servant. In that case, no action could be allowed against the master since he would thus be forced to bear the entire burden of the servant's tort." (Citations omitted.) *Id.* at 978–979.

Applying the primary-secondary doctrine of *respondeat superior* to the case at hand, if defendant were to make any payments to plaintiff, then defendant would be subrogated to the rights of the plaintiff against Puleo. However, plaintiff has already released Puleo. Therefore, defendant, as subrogee, would stand in the shoes of plaintiff, and its right to reimbursement from its employee would have been extinguished pursuant to plaintiff's release of Puleo. For these reasons, we hold that the release of employee Puleo necessarily releases defendant Spirit, the employer. To hold otherwise would encourage fraudulent settlements whereby the primary tortfeasor/employee would have great incentive to settle with the plaintiff for a nominal amount, execute a release for his sole benefit and insulate himself from any obligation to indemnify the secondary tortfeasor/employer. The law of indemnity between master and servant cannot be so easily thwarted.

Also, although there is only a partial satisfaction and plaintiff reserved her right to pursue a claim against defendant, the plaintiff cannot do so. The Ohio Supreme Court in *Krasny–Kaplan v. Flo–Tork, Inc.* (1993), 66 Ohio St.3d 75, 78, 609 N.E.2d 152, 154, held:

"The concept of indemnity embraces aspects of primary and secondary liability. Indemnification occurs when one who is primarily liable is required to reimburse another who has discharged a liability for which that other is only secondarily liable. See Prosser & Keeton on Torts (5 Ed.1984) 341, Section 51. In the present case, no *liability* of either defendant to the plaintiff was found. Therefore, the traditional understanding of indemnity cannot apply, because appellee was never determined to be primarily liable." (Emphasis *sic*.)

The court in *Munson v. United States* (C.A.6, 1967), 380 F.2d at 979, also applied the above principle as follows:

"It should be clear that the primary-secondary characterization of the relationship between master-servant is a definition of their rights between themselves and has no bearing on their liability to the third party who has been injured. Thus, the master's right to indemnity from his servant, by way of subrogation to plaintiff's claims, is the crucial factor in releasing the master when the servant is released. It is not, as the Government contends, based on some abstract dissolution of the underlying liability to the plaintiff which occurs when the servant releases him for less than full compensation and plaintiff reserves his rights against the master. That view would seem to be an erroneous application of the rule that where master and servant are joined by plaintiff in one suit, a verdict against the master will not be allowed when the servant is simultaneously exonerated. In that situation, the master's sole liability depends upon a finding of liability on the part of the servant, so he cannot be held accountable where there is no such finding."

This analysis makes sense as the employer cannot be found to be liable for negligence he did not commit. The employer's liability is dependent on the negligence of the employee. Since the plaintiff released Puleo for his negligence, there is no basis to support plaintiff's claim against Spirit. Also, as stated above, in seeking indemnity from its employee, the defendant does so through subrogation of plaintiff's claims. Since plaintiff no longer has a claim against Puleo, the defendant would be prevented from obtaining indemnification.

 We also find the plaintiff's reliance on the Uniform Contribution Among Tortfeasors Act (R.C. 2307.31[F] ) to be misplaced in the specific circumstances of this case. In the case at bar, there are no independent allegations of negligence against defendant. Defendant Spirit's liability is based solely on *respondeat superior*. Accordingly, there is no right of contribution in this case since it does not apply to vicarious liability situations. Instead, where one party is secondarily liable for another's primary negligence based on vicarious liability, the subrogation indemnity principles apply—not contribution. *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 395, 653 N.E.2d 235, 238–239; *Spalding v. Coulson, supra.*

The court in *Allstate Ins. Co. v. U.S. Assoc. Realty, Inc.* (1983), 11 Ohio App.3d 242, 246, 11 OBR 368, 372, 464 N.E.2d 169, 173, summarized the law of indemnity as follows:

"[T]he concept of indemnity may be defined as the right, arising out of an implied contract, of a person who has been compelled to pay what another should pay, to obtain complete reimbursement. The courts in Ohio have recognized the distinction between one who is actually at fault, and another who, by reason of his relationship with the wrongdoer or by operation of law, has incurred tort liability without personal fault for the acts committed by such wrongdoer. 18 Ohio Jurisprudence 3d (1980) 464, Contribution, Indemnity, Etc., Section 96. Under such circumstances, the first person is said to be primarily liable and the latter is said to be secondarily, or vicariously, liable. Thus, where a person secondarily liable is compelled to respond in damages to an injured party, he may recoup his loss for the entire amount upon the basis of an implied contract of indemnity from the one who is actually at fault, and who, in fact, caused the injuries. This implied contract of indemnity arises only in the case of primary and secondary liability and not in the case of joint or concurrent tortfeasors."

The statute on which plaintiff relies recognizes this concept. Specifically, R.C. 2307.31(D) states:

"This section does not impair any right of indemnity under existing law. If one tortfeasor is entitled to indemnity from another, the rights of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not

entitled to contribution from the obligee for any portion of his indemnity obligation."

The Cuyahoga County Court of Common Pleas provided further insight into this statute in *Walsh v. Jellen* (1977), 51 Ohio Misc. 97, 5 O.O.3d 380, 359 N.E.2d 728, when the court discussed and adopted an analysis entitled "Update 76" made by James L. Young, who at the time was the Secretary of the Ohio Legal Center Institute. With regard to R.C. 2307.31(D), that analysis states:

"2307.31(D) [w]as designed to cover situations like the master-servant vicarious liability. The servant has no possible claim against the master. The master does not need contribution because he is entitled to indemnity against the servant when he discharges the vicarious liability." *Id.* at 100, 5 O.O.3d at 179, 359 N.E.2d at 731. See, also, *Mahathiraj v. Columbia Gas of Ohio, Inc.* (1992), 84 Ohio App.3d 554, 563, 617 N.E.2d 737, 743 (R.C. 2307.31[D] does not change existing law on the subject of indemnification).

Therefore, pursuant to R.C. 2307.31(D), the contribution statute is not applicable to the facts of this case.

For the reasons set forth above, we hold that the plaintiff's release of employee Puleo barred her claim against the employer-defendant Spirit.

Assignment of Error I is sustained.

Given the disposition of Assignment of Error I, Assignments of Error II and III are moot and need not be addressed. App.R. 12(A)(1)(c).

The trial court's order denying defendant's motion for summary judgment is reversed; judgment for defendant Spirit is entered herein.

*Judgment reversed.*

JAMES D. SWEENEY, P.J., and KARPINSKI, J., concur.