JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Daphane Copeland and Deshawn Copeland (collectively appellants) appeal from the order of the trial court denying their motion for a new trial. For the following reasons, we affirm the judgment of the trial court.
On September 29, 1998, appellants filed the underlying lawsuit for damages allegedly sustained in a motor vehicle accident caused by defendant-appellee Carl B. Jones (appellee). Appellee admitted negligence and, on August 23, 1999, a jury trial commenced on the issue of damages. After deliberation, the jury returned a verdict in favor of Daphane Copeland in the amount of $400.
On September 3, 1999, appellants filed a motion for a new trial under Civ.R. 59(A)(4) and (6). In a journal entry filed on October 7, 1999, the trial court overruled appellants' motion for a new trial. Therefrom, appellants filed a timely notice of appeal with this court. During the prosecution of this appeal, appellants filed a partial transcript of the subject trial.
 THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS' MOTION FOR NEW TRIAL.
In their sole assignment of error, appellants argue that the trial court erred in denying their motion for a new trial. Civ.R. 59(A)(4) and (6) permits a trial court to grant a new trial where the judgment is not sustained by the weight of the evidence or where a jury awards inadequate damages.
However, when a party intends to argue on appeal that a judgment is against the manifest weight of the evidence and/or that the damages awarded are inadequate for full compensation, he must include in the record a transcript of all evidence relevant to the findings and conclusions. Medvec v. Cook (Apr. 28, 1994), Cuyahoga App. No. 65183, unreported, citing Knapp v. Edward Laboratories (1980), 61 Ohio St.2d 197
. In the absence of a complete and adequate record, an appellate court must presume the regularity of the proceedings below and the validity of the trial court's judgment. Key Trust Co. of Ohio, N.A. v. Wozniak (May 11, 2000), Cuyahoga App. No. 76134, unreported, citing Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289.
Based upon the foregoing, we must find that the omitted portions of the transcript would have supported the jury verdict of $400. Appellants' assignment of error is summarily overruled.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 ________________________ LEO M. SPELLACY, JUDGE
ANN DYKE, ADM.J. and PATRICIA A. BLACKMON, J. CONCUR.