JOURNAL ENTRY AND OPINION
Appellant Julia F. Garnett appeals from the decision of the Cuyahoga County Court of Common Pleas, Probate Division, to vacate its judgment and the release of assets of Gerald D. Garnett. The appellant contends that she and the decedent were husband and wife by virtue of a common law marriage. The appellee, Robert O. Garnett, a brother of the decedent, asserts that the two were not espoused.
On November 17, 1998, the estate for Gerald Garnett, deceased, was opened in the Probate Court by Shirley Garnett. Julia Garnett, the appellant, was listed as the surviving spouse. The decedent's Will, dated July 20, 1995, was filed. A review of the Will discloses no mention whatsoever of the appellant. Under the terms of the Will, the decedent's estate was devised to his brother, Van C. Garnett.
On June 7, 1999, the appellant filed a motion to relieve the estate from administration. It is not contested that the assets in the estate total $37,250.00. Also on June 7, 1999, the decedent's brother, Van Garnett, disclaimed the bequest. On the same day, the trial court signed an entry relieving the estate from administration. An amended entry was filed by the appellant and signed by the trial judge on August 11, 1999.
On October 18, 1999, Robert O. Garnett, Esq., brother of the decedent, filed a motion to vacate the release of assets claiming that he was owed $20,000 for legal services rendered to the deceased. The only evidence attached to the motion was a copy of Garnett v. Garnett (Sept. 16, 1999), Cuyahoga App. No. 75225, unreported. No brief in opposition to this motion was filed by the appellant. On January 26, 2000, after a hearing, the Probate Court granted the appellee's motion to vacate the release of assets. Thereafter, this appeal was timely filed.
In the journal entry vacating the order to release assets, the trial court noted that the appellant and Van Garnett both failed to appear at the hearing. The court set forth the assets and the value of the assets and noted that the sole beneficiary under the Will, Van Garnett, disclaimed the gifts under the Will, thereby causing a gift over to the alternate beneficiary, Janice Garnett Brown, of Evanston, Illinois. As a basis for its decision, the trial court specifically relied upon this court's opinion in Garnett v. Garnett (Sept. 16, 1999), Cuyahoga App. No. 75225, unreported. The trial court vacated the release of assets to the appellant and required that the assets be returned to the jurisdiction of the court for proper distribution.
In Garnett v. Garnett, supra, this court held in pertinent part:
 Gerald Garnett appeals from an order of [the trial judge] sitting in the Cuyahoga County Domestic Relations Court, adopting a finding by [the magistrate] in a voluntarily dismissed divorce action from 1993, that a common law marriage existed with Julia F. Garnett. For the following reasons, this appeal is dismissed.
 On September 19, 1992, appellee, Julia F. Garnett, filed a complaint in divorce on grounds of gross neglect and extreme cruelty. Mr. Garnett responded with motions to dismiss, for sanctions, to strike, in limine, and to dismiss the amended complaint claiming no marriage existed. On February 2 and 3, 1993, before [the magistrate], a hearing was held to determine the existence of a common-law marriage. [The trial judge] subsequently adopted the [magistrate's] finding that a common-law marriage did exist, overruled the other motions and scheduled the matter for trial on the merits.
 On July 6, 1995, upon a motion by Ms. Garnett, the complaint in divorce was dismissed without prejudice.
 On March 4, 1998, Ms. Garnett filed a complaint for alimony only, alleging gross neglect and cruelty, praying for legal separation and alimony (No. 259352). Mr. Garnett, pursuant to Evid.R. 201, filed a motion for the court to judicially notice the prior testimony of the parties in the divorce action (No. 221164) before [the magistrate] in the February 2 and 3, 1993 hearing and on August 17, 1998, [the trial judge] entered the following entry:
 JOURNAL ENTRY. . . . THE COMMON LAW MARRIAGE FOUND IN CASE 221164 IS NON (SIC) PRO TUNCLY (SIC), ADOPTED BY THIS COURT; AND THE ORDER OF THIS COURT THAT A COMMON LAW MARRIAGE EXIST (SIC) IN CASE 259352; AND, NO JUST REASON FOR DELAY . . . ALL RELEVANT ISSUES REMAINING IN THESE CASES ARE CONTAINED IN CASE 259352; DEFT HAS 30 DAYS FROM AUGUST 6, 1998 O (SIC) FILE AN ANSWER IN CASE 259352.
 On October 29, 1998, upon a motion to dismiss containing a suggestion of death of Gerald Garnett, the judge dismissed without prejudice Case No. 259352.
This court dismissed the appeal from the domestic relations action, holding that:
 Civ.R. 54(B) will be applied only where there are claims or actions against parties still presently pending in the trial court." Eiland v. Coldwell Banker Hunter Realty(1997), 122 Ohio App. d 446, 702 N.E.2d 116. See, also, Ohio Leitina Co. v. Vandra Bros. Const., Inc., 1998 Ohio App. LEXIS 4109 (Sept. 3, 1998), Cuyahoga App. No. 72616, unreported. Further, if claims or actions are dismissed without prejudice at any time during the proceedings below, "they will be treated `as if no action had been brought at all'" as to those parties. Eiland.
 In the present action, because the judge dismissed the underlying complaint, without prejudice, in addition to the earlier 1995 dismissal without prejudice, there is no longer any action between the parties presently pending in any trial court. Consequently, because the judge's ruling concerning the common law marriage has been dissolved, his use of Civ.R. 54(B) language can no longer provide a viable means through which to bring an appeal resulting in no final appealable order.
The appellant asserts one assignment of error:
 THE TRIAL COURT ERRED BY ACCEPTING THE RULING FROM A CASE WHICH HAD BEEN DISMISSED IN THE COURT OF APPEALS, (THIS COURT) SEPTEMBER 16, 1999 BEING NO. 75225.
The appellant argues that the Probate Court erred in relying on this court's decision in Garnett v. Garnett, supra.
While the case sub judice presents a complicated set of procedural and factual questions, this court must begin this analysis by noting that either there was no transcript made of the hearing on the motion to vacate filed by the appellee, or it was not included in the record certified to this court. Likewise, there is no App.R. 9(C) statement of the proceedings. Without the devices needed to conduct a proper review, we must presume regularity of the Probate Court's judgment. See National City Bank v. Beyer (2000), 89 Ohio St.3d 152, citing to Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289.
Assignment of error overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
 __________________________________ JAMES D. SWEENEY, PRESIDING JUDGE