This timely appeal comes for consideration upon the parties' briefs and the record. Appellant Linda Daley (herein "Daley") appeals the decision of Mahoning County Court Number Two granting judgment in favor of Appellee Matthew Giannini (hereinafter "Giannini") in the amount of $805. For the following reasons, we affirm the decision of the trial court.
On October 24, 2000, Giannini filed a small claims complaint in the Boardman Court seeking attorney fees from Daley in the amount of $805.00 plus interest. It appears from the complaint Giannini had provided legal services to Daley for both a domestic problem and a foreclosure. The matter was scheduled for trial but was continued for service when Giannini's Complaint went unclaimed. Daley was then served by regular mail. On the date of trial, Daley did not appear until after the case had been called and the parties had left the building. Default judgment had been entered against Daley but had not been docketed. Pursuant to a telephone conference with Giannini, the default judgment was set aside and the matter was reset for February 7, 2001. On that date, testimony was presented by both parties and judgment was entered against Daley. Daley now appeals that judgment pro se.
We find that Daley's brief is not in compliance with App.R.16. Daley has failed to specifically assign any error committed by the trial court. Moreover, she has filed no transcript of the proceedings below. Daley does, however, provide this court with four paragraphs that have been labeled as "facts". Generously reading this brief, the fourth paragraph of fact appears to assert the original claim was outside the statute of limitations.
When a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199,400 N.E.2d 384, 385. The procedures for making the transcript, or a suitable alternative, a complete part of the record are contained with App.R. 9. In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, 288-289, 680 N.E.2d 1046, 1050.
Daley has failed to provide either transcripts from the proceedings below or an acceptable alternative as provided within App.R. 9, as a part of this appeal. Accordingly, Daley is unable to demonstrate prejudicial error within the record. Therefore, we affirm the judgment of the trial court. Appellee's motion to dismiss is moot.
Vukovich, P.J., Concurs.
Waite, J., Concurs.