JOURNAL ENTRY AND OPINION
Plaintiff-appellant Jerome Brentar appeals from the trial court's decision in favor of the defendant-appellee Distributing Services, Inc. The appellant filed his complaint in Cleveland Municipal Court seeking damages on a breach of an oral contract. After receiving the magistrate's report, the appellant filed his objections thereto. The trial court overruled the objections to the magistrate's report and entered judgment for the appellee. The appellant filed this timely appeal.
No transcript has been filed of the hearing before the magistrate, however, the magistrate's decision is a part of the record[1]. The magistrate entered the following findings of fact:
 This is an action to recover damages for the substandard performance of a printing and campaign literature distribution contract. The parties proceeded pro se. [Appellee's] vice president, Michael Arnovwitz, testified on behalf of the corporation. [Appellant's] campaign manager, Maurice Perkins, testified for [Appellant]. Based on the credibility and demeanor of the witnesses and the reasonableness of their testimony, and the documents submitted into evidence, the court finds:
 (1) [Appellee] was, at all times when this claim arose, an Ohio corporation engaged in the business of printing and distributing printed matters with its principal place of business located at 210-A Hayes Drive in Brooklyn Heights, Ohio. The company later went bankrupt in 1997. There is no evidence that the claim of [Appellant] against [Appellee] was discharged in the bankruptcy, nor is there sufficient evidence that the business now owned and operated by DCS Graphic Design at 2195 East 71st Street in Cleveland did not assume responsibility for the debts of the preceding corporation.
 (2) [Appellant] ran for the United States House of Representatives for the 19th Congressional District in 1994. He had 10,000 pieces of campaign literature printed by Keener Printing Company (Exh. 1). He needed more campaign brochures. [Appellant] hired [Appellee] to print an additional 40,000 brochures and supplied [Appellee] with a printing plate. The cost of the brochures was to be $2,440. [Appellant] ordered 10,000 more brochures for another $1,000. [Appellant] also hired [Appellee] to distribute the brochures during the campaign and on Election Day throughout the congressional district (Exh. 5). [Appellee] charged [Appellant] $3,850 for the distribution services (Exh. 2). [Appellant] paid the distribution bill in full. The balance of the charges for printing were (sic) not paid. [Appellant] claims [Appellee] agreed to print the 50,000 brochures, and to delay billing until the election, and only seek compensation if [Appellant] won the election.
 (3) [Appellant] was dissatisfied with [Appellee's] services. There is insufficient evidence to establish the brochures were not printed satisfactorily (Exh. 3). There is also not sufficient evidence to establish that [Appellee] failed to distribute the campaign literature as agreed. [Appellant's] testimony and his witness' testimony were not convincing on this issue. In general, [Appellant's] demeanor and testimony did not appear reasonable or credible. (Note also affidavits from Ljudo Mudrin and Juliane Halasz, deemed insufficient in the presence of [Appellee's] in-court testimony.)
 (4) [Appellee] sued [Appellant] in Euclid Municipal Court in 1995 to collect the unpaid balance of the contract prices, and obtained a judgment against [Appellant]. The judgment was later vacated on jurisdictional grounds in 1999 (Exh. 6).
 (5) [Appellant] seeks damages on account of [Appellee's] alleged non-performance of the distribution services. Presumably for the full refund of the $3,850 paid for the services. The court has found the services were properly performed.
In its conclusions of law, the magistrate's report noted that the statute of limitations had not run and that the action was not barred by the doctrine of res judicata. The magistrate found however, that the appellant was required to prove the existence of a contract; his performance on the contract (or valid grounds for non-performance); non-performance by the appellee; and, damages. The report stated that the appellant had failed to prove that the appellee had breached the printing and distribution contract, or the existence of any damages.
The appellant asserts only the following assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NOT SUFFICIENT EVIDENCE TO ESTABLISH THAT DEFENDANT FAILED TO DISTRIBUTE THE POLITICAL CAMPAIGN LITERATURE AS AGREED.
The appellant argues that the campaign brochures were not printed satisfactorily and that the appellee failed to distribute literature as agreed. The appellant asserts that there was sufficient evidence to support his claim and that the trial court erred in holding otherwise.
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at the syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. The Ohio Supreme Court has found that this test applies to questions of sufficiency as well and that an appellate court may not substitute its judgment for that of the trial court. Columbia Oldsmobile, Inc. v Montgomery (1990), 56 Ohio St.3d 60.
Additionally, as noted supra, the record on appeal is devoid of any transcript of the hearing. The Ohio Supreme Court was recently faced with just such a predicament and found that where either no transcript was made, or it has not been submitted as a part of the record to the appellate court, an appellate court must presume the regularity of the trial court's proceedings and judgment. National City Bank v. Beyer (2000), 89 Ohio St.3d 152, citing to Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289.
In the case sub judice, the magistrate found that the appellant had failed to meet his burden of proving that the appellee breached the printing or distribution contract and failed to prove the existence of damages. The magistrate repeatedly found there was not sufficient evidence to establish the appellant's claims and found that the appellant's demeanor and testimony were not credible. This court may not reverse where the trial court's decision was based on competent, credible evidence. Absent a transcript to indicate otherwise, this court must presume the regularity of the trial court's decision upholding the magistrate's report.
The appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and JAMES J. SWEENEY, J., CONCUR.
[1] The trial exhibits as numbered and referred to in the magistrate's report were not submitted to this court as a part of the record.