JOURNAL ENTRY AND OPINION
{¶ 1} On October 11, 1996, Renee Branch (tenant) entered into a written lease with Plaintiff-appellant, William H. Oliver (landlord), for a dwelling. The lease directed landlord to enter into a Housing Assistance Payment Contract ("HAP Contract") with a public housing agency under the Section 8 program administered by the U.S. Department of Housing and Urban Development (HUD).
 {¶ 2} Landlord signed the HAP contract on November 1, 1996. This contract was subsequently signed by the director of the Cuyahoga Metropolitan Housing Authority's director of the Section 8 program. This contract began on November 1, 1996 with Section 8 paying the full amount of the tenant's rent.
 {¶ 3} In a HAP contract one of the conditions that the landlord must satisfy is that the unit comply with the HUD Housing Quality Standards. CMHA conducted an initial inspection of the premises, which failed the inspection. A notice was sent to the landlord warning him of his obligation to repair the premises. Nonetheless, upon reinspection, the premises again failed. CMHA canceled the HAP contract with the landlord in March, retroactive to February 28th.
 {¶ 4} Meanwhile the tenant located a new rental unit and received permission from CMHA to apply her rent voucher to a new dwelling. CMHA canceled the contract with the landlord and entered into a new HAP contract with another landlord.
 {¶ 5} Landlord filed a lawsuit against the defendant-appellee CMHA and the tenant, alleging breach of contract and property damage caused by the tenant. The trial court granted summary judgment to both the tenant and CMHA, but that decision was overturned on appeal in Oliver v. CMHA
(2000), Cuyahoga App. No. 76923, 2000 Ohio App. LEXIS 4182. The case was remanded for reexamination of the contract issues with CMHA and the property damage issues with the tenant.
 {¶ 6} When the court heard the case in front of a magistrate after it was remanded by the appellate court, the tenant was dismissed with prejudice without objection. The hearing was held in two sessions, one in July and one in August. The magistrate's report from the July portion of the hearing, which report the trial court adopted over the landlord's objections, found that CMHA canceled the contract on February 28, 1997 and the premises were not re-rented until November 1998. The court also found that the contract was terminated in violation of CMHA's protocols, but that the landlord had failed to mitigate his damages by not re-renting for seventeen months. The court further found that if the landlord had tried to re-rent the premises immediately, he could have re-rented them within two months. The court therefore ruled that CMHA was responsible to the landlord for the rent for the months of May and June and awarded landlord $1,250.00 for those two months' rent. Landlord filed handwritten pro se objections to this report. The court overruled these objections because he failed to file supporting evidentiary materials in the form of a transcript or affidavit to refute the findings of fact to which he objected.
 {¶ 7} The court also set the case for further hearing to determine whether CMHA had paid the landlord for the months of March and April. At the August hearing, the court determined that CMHA had not paid landlord the rent for those two months. Therefore, the total rent owed to the landlord (for all unpaid rents from March to June) was $2,500.00 ($1250.00 for March and April and $1250.00 for May and June). In its addendum to the magistrate's report, the court offset a certain amount for an overpayment to the landlord for another Section 8 tenant.[1]
Landlord did not file any objections to the addendum to the magistrate's report.
 {¶ 8} After the August hearing, but before the issuance of the addendum to the magistrate's report, the landlord filed an appeal. After the addendum to the magistrate's report was issued, landlord filed a second appeal, which was consolidated with this one. Although the first appeal was not timely filed, because the court's ruling was not a final appealable order, consolidating the first with the second appeal, which was timely filed, corrects that error.[2]
 {¶ 9} The landlord assigns three assignments of error. The first assignment of error states:
 {¶ 10} "I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT C.M.H.A. A MITIGATION OF DAMAGES DEFENSE WHICH IT WAIVED."
 {¶ 11} CMHA does not dispute that it failed to raise the issue of mitigation of damages until the trial. The landlord points out that Civ.R. 8(C) requires a party to "* * * set forth affirmatively * * * any * * * matter constituting an avoidance or affirmative defense." "The failure to mitigate damages is an affirmative defense." Frenchtown Squarev. Lemstone (2001), Mahoning App. No. 99 C.A. 300, 2001 Ohio 3245, 2001 Ohio App. LEXIS 2125, at *22. "Furthermore, if the breaching party desires to assert the affirmative defense of mitigation of damages, it must do so in its responsive pleading." Medina Ground Maintenance v.Granger Condominium Assn. (1995), Medina App. No. 95 CA 2420-M, 1995 Ohio App. LEXIS 5057, at *5. The failure to raise an affirmative defense waives that defense. In the case at bar, the defendant failed to plead this defense.
 {¶ 12} Civ.R. 15(B), however, states in pertinent part:
 {¶ 13} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * Failure to amend as provided herein does not affect the result of the trial and these issues."
 {¶ 14} In Simmons v. Bellman Plumbing (1995), Cuyahoga App. No. 67832, 1995 Ohio App. LEXIS 2831, this court held that although the defendant had failed to plead the defense of mitigation of damages, the issue was not improperly considered when it was raised at trial and evidence was presented.
 {¶ 15} In the case at bar, however, no transcript was provided. In his brief appellant announced, "[b]ecause there was no record made of the proceedings below, [landlord] has elected to base his appeal upon the findings of fact made by the trial court * * *." The magistrate's report states that the landlord "testified that no effort was made to re-rent the property. The property stood vacant for seventeen months. [Landlord] must mitigate his damages in this instance." The magistrate further found that the landlord "did nothing to mitigate damages in this case."
 {¶ 16} Although the landlord filed an objection to the magistrate's report, his only argument addressing this issue states, "THE MAGISTRATES [sic] ALLEGES THAT THE PLAINTIFF DID NOT DO ANYTHING TO GET THE PLACE RENTED, THAT IS NOT TRUE, THE MAGISTRATE WAS ASLEEP APPROXIMATELY ½ THE TIME THE HEARING [sic] AND HE DID NOT HEAR THE PLAINTIFF TELL ALL THE THING [sic] HE DID * * *." Plaintiff's response, titled "MOTION," July 9, 2001, at 1. Without a transcript, there is no way for this court to review landlord's objection to the finding that he did nothing to rent the property. Therefore, we must accept the magistrate's findings of fact.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} For his second assignment of error, the landlord states:
 {¶ 19} "II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT C.M.H.A. A DEFENSE OF PARTIAL PAYMENT AND SETOFF DAMAGES WHERE SUCH DEFENSES HAVE BEEN DENIED."
 {¶ 20} The landlord claims that the trial court erred when it ruled, after the second hearing, on the amount owed to him. The landlord failed, however, to file any objections to this second magistrate's report. Section (E)(3)(b) of that rule states, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Landlord is barred, therefore, from raising this issue on appeal.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} For his third assignment of error, the landlord states:
 {¶ 23} "III. THE TRIAL COURT ERRED IN GRANTING DEFENDANT A SECOND TRIAL TO PROVE RENTAL PAYMENTS AFTER THE EVIDENCE HAD CLOSED."
 {¶ 24} The first magistrate's report stated:
 {¶ 25} Judgment for Plaintiff in the amount of $1250.00 plus costs and interest from date of judgment in addition to any rent not paid for the period March 1, through April 30, 1997. Hearing to be had on July 13, 2001 at 1:30 p.m. on the thirteenth floor to determine whether rent has been paid for the period March 1, to April 30, 1997.
 {¶ 26} Landlord characterizes the hearing as "a second trial." Whether the stage for presenting evidence had closed at the end of the first hearing is unclear. Thus we do not know whether the second hearing was a continuance of the first or the case was reopened as a "second trial." In the absence of a record, we must presume regularity on the part of the court. National City Bank v. Beyer (2000), 89 Ohio St.3d 152;Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289,680 N.E.2d 1046, 1050.
 {¶ 27} Further, landlord never filed an objection to the addendum to the magistrate's report resulting from this hearing to which he objects. The issue underlying this assignment of error, therefore, is also waived. Civ.R. 53(E)(3)(b).
 {¶ 28} The third assignment of error is overruled.
 {¶ 29} The trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS; MICHAEL J. CORRIGAN, J., CONCURSIN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Section 9(h) of the HAP contract states:
 If the HA [housing authority] determines that the owner is not entitled to the housing assistance payment or any part of it, the HA, in addition to other remedies, may deduct the amount of the overpayment from any amounts due the owner (including amounts due under any other Section 8 assistance contract.)
[2] The first appeal was filed pro se by landlord without a brief. The second appeal was filed by counsel and included an appellate brief.