OPINION
Appellant, Dawn Alexis Thomer, appeals from a decision of the Clermont County Court of Common Pleas vacating an order that dismissed Thomer's cross-claim against appellee, Paul A. Nidich.
On September 21, 1993, Quality Pak Company, Inc. ("Quality") filed a complaint against Marilyn Baston and Thomer for claims arising out of a failed housing development. On October 5, 1993, Baston filed a third party complaint against Nidich and T.N.S. Development Corporation, a counterclaim against Quality and a cross-claim against Thomer. Thomer subsequently filed an answer, a counterclaim against Quality, and a cross-claim against Nidich.
During discovery, the parties filed numerous motions including motions for protective orders, sanctions, default judgments, summary judgments, and disqualification of counsel. On August 18, 1995, the case finally proceeded to trial. After one day of testimony, the trial court continued the trial in progress to February 15, 1996.
Prior to the recommencement of trial, a settlement was reached between the parties. A motion to enforce the settlement agreement was filed on February 9, 1996. On February 21, 1996, Thomer filed a motion to dismiss her cross-claim against Nidich without prejudice pursuant to Civ.R. 41(A)(2). On February 23, 1996, the trial court granted Thomer's motion and issued an order dismissing Thomer's cross-claim against Nidich without prejudice. On March 6, 1996, the trial court filed a judgment entry enforcing the settlement agreement.
On March 22, 1996, Thomer filed another action against Nidich in Campbell County, Kentucky. On June 24, 1996, Nidich returned to the trial court and filed a Civ.R. 60(B) motion to vacate the order that dismissed Thomer's cross-claim without prejudice. After holding a hearing, the trial court granted Nidich's motion and vacated the order of dismissal.
In her sole assignment of error, Thomer contends that the trial court erred by vacating the order that dismissed her crossclaim against Nidich without prejudice. A trial court's ruling upon a Civ.R. 60(B) motion will not be reversed absent an abuse of discretion. Rose-Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In order to prevail on a Civ.R. 60(B) motion, a party must demonstrate the following: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)-(1) through (5); and (3) the motion was made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Initially, we note that the record does not contain a transcript of the trial court's hearing on the Civ.R. 60(B) motion. An appellant bears the burden of providing a transcript when it is necessary for the disposition of issues on appeal. Rose Chevrolet, Inc., 36 Ohio St.3d at 19. "In the absence of all the relevant evidence introduced at the hearing in support of and in opposition to the motion for relief from judgment, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court." Wells v. Spirit Fabricating Ltd. (1996), 113 Ohio App.3d 282,288-89, quoting Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223, 228-229.
Despite the absence of a transcript, a review of the record reveals that the trial court did not abuse its discretion by vacating the Civ.R. 41(A)(2) order that dismissed Thomer's cross-claim without prejudice.[1] The trial court held a hearing on February 16, 1996, to enforce the parties' settlement agreement. At the hearing, Thomer's counsel asserted that Thomer's cross-claim against Nidich was not part of the settlement agreement and that Thomer would voluntarily dismiss the cross-claim without prejudice. However, the trial court orally ruled that the settlement agreement encompassed all the parties and requested that Nidich's counsel prepare an appropriate judgment entry. Despite the trial court's ruling, Thomer filed a motion to voluntarily dismiss her crossclaim against Nidich without prejudice on February 21, 1996. On February 23, 1996, the trial court granted Thomer's motion and issued an order that dismissed Thomer's cross-claim without prejudice. On March 6, 1996, the trial court entered the judgment entry that enforced the parties' settlement agreement. The entry, which was signed by the trial court and the attorneys for all of the parties, provides in relevant part:
 This matter came on before the Court on Plaintiff's Motion for an Order enforcing the settlement agreement entered into between the Defendant Dawn Alexis Thomer and Plaintiff Quality Pak, Inc., and Third Party Defendant Paul A. Nidich * * *.
 It is therefore ORDERED, ADJUDGED, and DECREED that the settlement agreement be enforced and that judgment be entered for Quality Pak, Inc. and against Dawn Alexis Thomer in the amount of Fifty Thousand Dollars ($50,000), together with interest thereon at the statutory rate from December 1, 1995; and judgment is rendered on the complaint for Defendant Paul A. Nidich, and the complaint is dismissed as to Paul A. Nidich with prejudice, and judgment is rendered for Defendant, Marilyn Baston on all claims against her and against Marilyn Baston on all claims by her.
The trial court's ruling and the judgment entry indicate that Thomer's cross-claim against Nidich was part of the parties' settlement agreement and was dismissed with prejudice as a result of the settlement agreement. Therefore, the Civ.R. 41(A)(2) order that dismissed Thomer's cross-claim without prejudice was inconsistent with the parties' settlement agreement. Nidich therefore would have a meritorious defense to present if the Civ.R. 41(A)(2) order of dismissal without prejudice was vacated. See GTE, 47 Ohio St.2d 146. Moreover, Nidich stated that neither he nor his attorney was given notice or an opportunity to respond to Thomer's Civ.R. 41(A)(2) motion and the trial court's order that dismissed Thomer's cross-claim without prejudice. The failure to give Nidich notice and an opportunity to respond to the dismissal also provided Nidich with a meritorious defense to present if relief was granted. See Logsdon v. Nichols (1995),72 Ohio St.3d 124, 127.
A review of the record also reveals that Nidich was entitled to relief pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) provides that relief may be granted for "any other reason justifying relief from judgment." The rule is intended as a catch-all provision reflecting the inherent power of the trial court to relieve a person from the unjust operation of a judgment, order or proceeding. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. In the present case, since the trial court's order of dismissal did not correctly reflect the parties' settlement agreement and Nidich was not given notice or an opportunity to respond to the dismissal, the trial court did not err by granting relief from the order of dismissal pursuant to Civ.R. 60(B)(5). See Wells, 113 Ohio App.3d at 289.
Finally, we find that Nidich's Civ.R. 60(B) motion was filed within a reasonable time. The Civ.R. 41(A)(2) order that dismissed Thomer's cross-claim without prejudice was issued on February 23, 1996. On March 22, 1996, Thomer filed another action against Nidich in Kentucky. The record does not indicate when Nidich discovered that Thomer's cross-claim was dismissed without prejudice by the trial court. However, Nidich returned to the trial court and filed his Civ.R. 60(B) motion on June 24, 1996. Based upon these circumstances, Nidich's Civ.R. 60(B) motion was filed within a reasonable time. Since Nidich demonstrated that he was entitled to relief, the trial court did not err by granting his Civ.R. 60(B) motion. Thomer's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Civ.R. 41(A)(2) provides that "an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." Pursuant to Civ.R. 41(C), Civ.R. 41(A)(2) is also applicable to the dismissal of cross-claims.