The STATE of Ohio, Appellant,

v.

NEFF, Appellee.

The STATE of Ohio, Appellant,

v.

BROWNING, Appellee.

The STATE of Ohio, Appellant,

v.

GRACEMYER, Appellee.

[Cite as State v. Neff (1999), 135 Ohio App.3d 7.]

Court of Appeals of Ohio,
Third District, Seneca County.

Nos. 13-98-74, 13-98-75 and 13-98-76.

Decided Sept. 23, 1999.

---

8

*Terry L. Hord,* Special Prosecuting Attorney, for appellant.

*Dean Henry,* for appellees H. Weldin Neff and Barbara Gracemyer.

*Richard M. Kerger* and *Daniel F. Marinik,* for appellee James Browning.

WALTERS, Judge.

This appeal is brought by the state of Ohio from a judgment of the Court of Common Pleas of Seneca County rendered in three separate criminal cases against appellees, H. Weldin Neff, James Browning, and Barbara Gracemyer, wherein the court refused to compel an essential witness to testify on cross-examination after immunity had been granted, and, at the same time, struck the witness's previously elicited direct testimony. We note that the three cases were tried to the court together and have been similarly consolidated for purposes of this appeal.

The necessary background facts are as follows:

H. Weldin Neff is the Sheriff of Seneca County, James Browning is a lieutenant in the sheriff's office, and Barbara Gracemyer is employed by the same agency as an administrative assistant. An investigation into the activities of these individuals commenced, and, as a result, a ten-count indictment was returned against the three named defendants on June 10, 1998. Count nine was for intimidation of a witness in a pending criminal matter, and count ten was for theft in office. The defendants pled not guilty to the charges and the cases were eventually heard by the court in a trial that began on November 30, 1998. A special prosecutor was appointed to try the matter.

The record demonstrates that on the fifth day of trial, December 5, 1998, the prosecution called Nancy Porter to the stand. Porter is a key witness for the state, especially with respect to counts nine and ten. Porter testified without incident on direct and on the cross-examination conducted by counsel for Lt. Browning. However, during Porter's cross-examination by the attorney representing both Gracemyer and Sheriff Neff, information began to surface about Porter's possible involvement in the improper shredding of important documents. At that point, a discussion in chambers resulted in the court advising Porter of her constitutional right against self-incrimination.

Following consultation with an attorney, it became apparent that Porter would assert her Fifth Amendment privilege upon any further questioning. The state then made a motion requesting the court to grant Porter immunity under R.C. 2945.44. The court granted the state's request for immunity; however, when questions arose regarding whether Porter could still be subject to federal criminal liability, the court refused to order her to testify and journalized the decision for the record. At that point, the state of Ohio perfected the instant appeal pursuant to Crim.R. 12(J). Due to the impact that Porter's testimony would have on the entire case, the court stayed further proceedings until such time as the appeal was resolved.

The state asserts the following assignments of error to this court:

### Assignment of Error No. I

"The trial court erred to the state's prejudice by allowing the state's witness to assert the Fifth Amendment privilege when it was based upon speculation and fear created by the defendants' counsel."

### Assignment of Error No. II

"The trial court erred to the prejudice of the state when it granted the witness immunity pursuant to R.C. [2945.44] and then refused to order her to answer when she continued to assert the Fifth Amendment privilege and struck her prior testimony given on direct."

Since both assignments of error center around the trial court's refusal to order Porter to testify, we have chosen to address them together. R.C. 2945.44 governs the decision to grant immunity to a witness. The statute provides:

" (A) [T]he court * * * shall compel the witness to answer or produce the information, if * * *:

" (1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court * * *; [and]

" (2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity * * *."

Clearly, this statute creates a mandatory requirement upon the court to compel the witness to answer the questions once immunity properly has been granted. In this case, the record demonstrates that the trial court unequivocally granted the prosecutor's immunity request, but then failed to exercise its duty to compel Porter's testimony.

We note that there were some questions raised regarding whether the immunity request was properly made in writing, as required by the above statute. The request, which the state alleges was written, is admittedly not a part of the record on appeal. Nonetheless, in the absence of a complete record, the appellate court " 'must indulge the presumption of regularity of the proceedings.' " *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 288, 680 N.E.2d 1046, 1050, quoting *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 229, 10 O.O.3d 227, 231, 382 N.E.2d 1179, 1184.

In this case, we find that the presumption of regularity is heightened by the context in which the immunity request was ultimately granted. Particularly, once the prosecutor raised the issue, the transcript reveals that a discussion took place wherein defense counsel stated that there was no objection as long as the request was made in writing. In fact, the court stated that it would give the special prosecutor ample time to do so. Furthermore, it is clear that no objections were entered with respect to this issue at the time that the court actually stated its intention to grant the immunity. Thus, we will presume that the request was properly made in writing and in full compliance with the statute.

With that stated, the essential issue presented is whether a trial court may properly refuse to order a witness to testify, subsequent to a grant of immunity pursuant to R.C. 2945.44, based upon the witness's expressed concern that the state immunity may not bind the federal government. Due to the opinion set forth in *Murphy v. Waterfront Comm. of New York Harbor* (1964), 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678, we find that this particular legal question has been answered in the negative. In that case, the Supreme Court of

the United States held that a grant of immunity under a state statute is binding on the federal government to the extent that it cannot use the testimony elicited in the state action or the fruits thereof. A rather limited exception exists where the state immunity would not constrain the federal government in the event that the disputed evidence is discovered from an "independent, legitimate source." *Id.*, 378 U.S. at 79, 84 S.Ct. at 1609, 12 L.Ed.2d at 695, fn. 18. Given the broad effect of the general rule pronounced in *Murphy,* the fear that Nancy Porter could still be subject to federal prosecution was unfounded. Thus, the trial court's refusal to compel her testimony was erroneous. We also point out that, at oral argument, counsel for the appellees conceded that, pursuant to *Murphy,* the trial court's refusal to require Porter to testify was improper and that the matter should be remanded for that purpose. For these reasons, we conclude that Nancy Porter should be compelled to testify.

Appellant's first and second assignments of error are sustained.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, the judgments of the trial court are hereby reversed and the matter is remanded for further proceedings in accordance with this opinion.

*Judgments reversed*
*and cause remanded.*

HADLEY, J., concurs.

THOMAS F. BRYANT, J., dissents.

THOMAS F. BRYANT, Presiding Judge, dissenting.

After consideration of the majority's opinion herein, I must respectfully dissent.

As an initial concern, the majority fails to acknowledge that neither assignment of error was properly preserved for appellate review. The record reveals that the state deliberately refused to object to the trial court's ruling:

"The Court: Let that stand as her answer. She's not going to testify. I will not order her to testify.

"Mr. Henry [counsel for Sheriff Neff and Gracemyer]: I believe we have some motions, Your Honor.

"The Court: I presume you have some motions. Your objection is noted.

"Mr. Hord [special prosecutor]: I'm not making an objection.

"The Court: I'm not gonna order her to testify against her [*sic*].

"Mr. Hord: No, sir. I'm not gonna do that because it is, because it raises an issue of availability of evidence. And, in effect, a suppression of evidence. And

as to the nature of these two counts, counts nine and ten, under the, I believe it's Criminal Rule 12(J), I have the right to certify this issue on an appellate issue."

Failure to object at trial to the suppression of evidence waives any claim of error, absent plain error. *State v. Williams* (1977); 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899. In this case, the state intentionally refused to object to the trial court's ruling; it cannot now be heard to complain of the trial court's decision not to compel Porter to testify. Nor can the state claim plain error, since plain-error analysis is not appropriate when the error claimed is a result of an intentional or deliberate refusal on the part of the appellant to protect a right. Moreover, plain-error analysis focuses on alleged errors committed by the trial court and not by trial counsel. If any error, plain or otherwise, is disclosed by the record in this case, it is the error of counsel committed by deliberate acts or omissions—such is the content of trial counsel strategies, not plain error of the trial court. Consequently, neither of the assignments of error was properly preserved for appeal and this case does not warrant a plain-error analysis.

R.C. 2945.44 provides:

"(A) In any criminal proceeding in this state or in any criminal or civil proceeding brought pursuant to sections 2923.31 to 2923.36 of the Revised Code, if a witness refuses to answer or produce information on the basis of his privilege against self-incrimination, the court of common pleas of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

"(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding his claim of privilege;

"(2) The court of common pleas informs the witness that by answering, or producing the information he will receive immunity under division (B) of this section."

The statute is clear in requiring that a written request to the court to order the witness to testify must precede any grant of immunity under the statute. Absent the written request, the trial court is not required to compel the witness to answer or produce information.

It is the duty of the appellant to ensure that all relevant evidence is part of the record and is sent to this court for review. App.R. 9(A) and App.R. 11(C). The record on appeal comprises the following:

"The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal  * * *."  App.R. 9(A).

"At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk.  * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."  App.R. 9(B).

In this case, there is no evidence that a written request for immunity was ever filed with or presented to the court.  Although the state was offered an opportunity at trial to provide a written request for immunity, it did not do so.  The record further indicates that the attorney for the witness specifically called for the request for immunity to be presented in writing.  However, the appellate record discloses no timely written request.

The majority concedes that the requisite written request is not found in the record.  The majority, however, elects to dismiss the significance of this absence by relying upon *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 288, 680 N.E.2d 1046, 1050, for the principle that an appellate court " 'must indulge the presumption of regularity of the proceedings,' " in the absence of a complete record.  The principle upon which the majority relies is wholly inapplicable to the present context and case, for the record before us is a complete transcript of the proceedings under review, including all evidence proffered or received.

The *Wells* court was concerned with the absence of the entire transcript of a hearing held in the judge's chambers on a motion brought under Civ.R. 60(B).  The appellant in *Wells* was asserting that there was no opportunity to present evidence at the hearing.  The court, quoting *Bates & Springer, Inc. v. Stallworth* (1978), 56 Ohio App.2d 223, 229, 10 O.O.3d 227, 231, 382 N.E.2d 1179, 1184, stated:

" 'In the absence of all the relevant evidence introduced at the hearing in support of and in opposition to the motion for relief from judgment, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court.' "  *Wells*, 113 Ohio App.3d at 288–289, 680 N.E.2d at 1050.

Similarly to *Wells,* the *Bates* court was concerned with the absence of the entire transcript of a hearing on a motion brought under Civ.R. 60(B). In addition to the above-quoted language, the *Bates* court stated:

"With motions under Civ.R. 60(B) as with other motions after an evidentiary hearing is held in the court below, a reviewing court cannot necessarily determine that error occurred in the trial court by looking only to the motion and its supporting materials." *Id.*

It stands to reason that meaningful appellate review of an evidentiary hearing cannot be accomplished in the absence of the transcript of that hearing. As it is the responsibility of the appellant to ensure that the record on appeal contains all necessary transcripts, a presumption of validity is inappropriate where the appellant fails to include the transcript of an integral proceeding. A contrary approach permits pure speculation by the reviewing court.

In the case *sub judice,* we are concerned with a statutorily mandated written request that must precede any grant of immunity under R.C. 2945.44. We are not confronted by the absence of the complete record ordered by the appellant and certified by the reporter and the clerk. The record does not demonstrate the proffer to the trial court of the required document or even confirm its existence. The rationale for applying a presumption of regularity is simply not applicable to the present case.

Assuming *arguendo* that a presumption is warranted, we are not to presume the inclusion of that which the record of the proceeding discloses to be absent in fact. The correct presumption, if any, to be applied in this case is that the record discloses that which actually happened at trial; absence from the record raises the presumption that the matter allegedly omitted did not occur. The presumption applied by the majority is the converse of that which is appropriate.

Today, the majority holds that a required document, disputed as to existence and content, may be presumed not only to have existed at the required time and place but also to have been disregarded by the trial court. The necessary conclusion, therefore, is to presume the irregularity of the proceedings below, the abuse of discretion by, and, thus, the error of the trial court.

Based upon the record, I would find no plain error and no abuse of discretion by the trial court. Porter had allegedly committed criminal acts, which her attorney believed could lead to federal and/or state charges. Porter's attorney counseled her to assert her Fifth Amendment right, which she did.[1] Since the

---

1. The state claims that Porter only asserted her Fifth Amendment privilege because the defense counsel caused her to fear prosecution. However, this claim is mere speculation. Porter spoke with her attorney and asserted her right to remain silent upon his advice.

record does not reveal a correct basis upon which to grant immunity, I would hold that the trial court did not err by its refusal to order Porter to answer the questions.

This leads to the question of whether the trial court properly struck Porter's testimony. The testimony was stricken because Porter asserted her Fifth Amendment rights before the defense had an opportunity to fully cross-examine her. When a witness asserts a Fifth Amendment right, he or she becomes unavailable. Evid.R. 804(A). Since the witness became unavailable before the defendants had an opportunity to fully cross-examine the witness, the defendants were denied an opportunity to confront the witness. "The Confrontation Clause of the Sixth Amendment, made applicable to the states by virtue of the Fourteenth Amendment, *Pointer v. Texas* (1965), 380 U.S. 400 [85 S.Ct. 1065, 13 L.Ed.2d 923], provides: 'In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him.'" *State v. Keairns* (1984), 9 Ohio St.3d 228, 229, 9 OBR 569, 570, 460 N.E.2d 245, 247. In a case such as this, when the defense is precluded from fully cross-examining the witness, the testimony elicited on direct examination must be stricken as well. Therefore, I would hold that the trial court did not err in striking the prior testimony of Porter.

Accordingly, I would affirm the judgment of the trial court.