[Cite as *State v. Sponsler*, 2022-Ohio-2916.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

CASE NO. 5-22-02

      v.

RYAN C. SPONSLER, AKA RYAN
CHRISTOPHER SPONSLER,

**O P I N I O N**

      DEFENDANT-APPELLANT.

**Appeal from Hancock County Common Pleas Court
Trial Court No. 2021 CR 282**

**Judgment Reversed**

**Date of Decision: August 22, 2022**

**APPEARANCES:**

    *Andrew R. Schuman* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Ryan Sponsler ("Sponsler") brings this appeal from the judgment of the Common Pleas Court of Hancock County convicting him of three counts of possession of drugs and sentencing him to a prison term of three to four and one-half years. On appeal, Sponsler claims that 1) his waiver of counsel was not knowingly and intelligently given, 2) he was denied discovery, 3) the trial court should have held a competency hearing, and 4) his indefinite sentence imposed under the Reagan Tokes Act is unconstitutional. For the reasons set forth below, the judgment is reversed.

{¶2} On July 27, 2021, the Hancock County Grand Jury indicted Sponsler on three counts: 1) Possession of [LSD] in violation of R.C. 2925.11(A), a felony of the second degree; 2) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; and 3) Aggravated Possession of Drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Doc. 1. The trial court scheduled an arraignment for August 6, 2021. Doc. 9. At that hearing, the State offered discovery to Sponsler. Doc. 9. The discovery was placed on the table before Sponsler, but he did not take it. Aug. 9, 2021 Tr. 4. The arraignment was then continued to give Sponsler time to consider the indictment. Aug. 9, 2021 Tr. 3.

{¶3} At the continued arraignment hearing on August 9, 2021, the State again offered discovery to Sponsler and then gave a copy of the discovery to the Court to

be placed under seal for Sponsler to accept when he wanted it. Aug. 9, 2021 Tr. 4. The trial court advised Sponsler that the discovery would be available if he wanted it. Aug. 9, 2021 Tr. 4. The trial court encouraged Sponsler to use counsel and warned him that if he was convicted, he could be sentenced to prison. Aug. 9, 2021 Tr. 18. The trial court then noted that it would be appointed standby counsel to be present "only if [Sponsler were to] seek their advice or assistance." Aug. 9, 2021 Tr. 19. The trial court then warned Sponsler that standby counsel would "not be involved in the proceedings whatsoever" if he did not ask for counsel's assistance. Aug. 9, 2021 Tr. 19. However, the trial court did not ask Sponsler if he still wished to proceed without counsel. Following the hearing, the trial court entered a judgment entry noting that Sponsler had elected to represent himself and appointing standby counsel. Doc. 21. Although the entry stated that Sponsler had waived counsel, no written waiver of counsel appears in the record.

{¶4} On October 20, 2021, a final pretrial was held. Doc. 67. The State indicated that Sponsler had not accepted discovery from the State and that it had been filed with the trial court. Oct. 20, 2021 Tr. 3. The State also noted that Sponsler had filed numerous repetitive filings, including "Final Notice of Default", "Notice of Default", and "Motion to Dismiss" and a request for a hearing on the same motions. Oct. 20, 2021 Tr. 3-5. The State noted that all of these motions were nearly identical to ones already denied by the trial court and that the trial court had previously advised Sponsler not to file them again. Oct. 20, 2021 Tr. 5. The State

then referred back to Sponsler's "Notice of No Contract and Affidavit of Truth" in which he indicated that he "need no one to speak for me and have not hired an attorney and if [standby counsel] or the court wrongly presume [standby counsel] is my attorney they are fired.[1]  Doc. 32 and Oct. 20, 2021 Tr. 7.  The State indicated that Sponsler would not respond to any attempts to discuss the case and that they had spoken to standby counsel to see if he could present a plea negotiation offer to Sponsler.  Oct. 20, 2021 Tr. 7.

{¶5} Standby counsel was present, and after an unsuccessful attempt to get Sponsler to answer whether he had spoken with standby counsel, the trial court spoke with standby counsel.  Oct. 20, 2021 Tr. 8-10.  Standby counsel stated that he had received some of the pleadings filed by Sponsler, but he had not reached out to Sponsler "per the Court's direction."  Oct. 20, 2021 Tr. 11.  Sponsler had come to his office to drop off one of the filings, but standby counsel was in the middle of a zoom hearing at the time.  Oct. 20, 2021 Tr. 11.  The only conversation he had with Sponsler was a "nice to meet you."  Oct. 20, 2021 Tr. 11.  The trial court noted that Sponsler had not taken the initiative to seek counsel's advice and had not requested that standby counsel be elevated to counsel of record.  Oct. 20, 2021, Tr. 11.  Then the trial court made the following statement.

> **Mr. Sponsler, you have repeatedly indicated that you wanted to represent yourself.  You've repeatedly tried to divert attention to**

---

[1] Sponsler also indicated that "Corpus Juris Secumdum (CJS) volume 7 chapter 4 defines anyone who hires an attorney as a 'ward of the court'" and took offense that he could be seen as an adult of unsound mind. A review of that volume does not show from where this idea arose.

**the issues at hand, which are whether or not you're guilty of these offenses. I let you speak, and your comments can stand for the record, but your bluster and your filibuster of the attempt to the Court is not going to change anything. We're going to proceed to trial.**

Oct. 20, 2021 Tr. 12. The trial court noted that in prior cases, Sponsler was cooperative, articulate, and knowledgeable and had utilized the assistance of counsel. Oct. 20, 2021 Tr. 17-18. The trial court noted that it had offered multiple times for Sponsler to have counsel and that it believed he was making a knowing, voluntary, and intelligent decision not to accept the assistance of counsel. Oct. 20, 2021 Tr. 19. The trial court even "implore[d]" Sponsler to speak to counsel. Oct. 20, 2021 Tr. 22.

{¶6} A jury trial was held on January 24 and 25, 2022. Doc. 112. At the conclusion of the trial, the jury returned verdicts of guilty as to all counts of the indictment. Doc. 102-104. A sentencing hearing was held on February 10, 2022. Doc. 116. The trial court ordered Sponsler to serve a prison term of three to four and one-half years on Count 1, and ten months on each of Counts 2 and 3. The sentences were ordered to be served concurrently. Doc. 116. Sponsler appealed from this judgment and on appeal raised the following assignments of error.

**First Assignment of Error**

**[Sponsler] did not knowingly and intelligently waive counsel and one was not appointed, in violation of his rights under the United States Constitution and the Ohio Constitution.**

**Second Assignment of Error**

**[Sponsler] was denied discovery, in violation of his rights under the United States Constitution and the Ohio Constitution.**

**Third Assignment of Error**

**The court did not hold a competency hearing.**

**Fourth Assignment of Error**

**Indefinite sentencing under the Reagan Tokes Act is unconstitutional under the Sixth and Fourteenth Amendment of the United States Constitution and the applicable sections of the Ohio Constitution.**

*Waiver of Counsel*

{¶7} In his first assignment of error, Sponsler claims that his waiver of counsel was not knowingly and intelligently given.

> **Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant at every stage of the proceedings from their initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of their right to assigned counsel, knowingly, intelligently, and voluntarily waives their right to counsel.**
>
> **\* \* \***
>
> **Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.**

Crim.R. 44(A), (C). A serious offense is defined as "any felony, and any misdemeanor for which the penalty * * * includes confinement for more than six months." Crim.R. 2(C). "[W]hen a criminal defendant elects to proceed pro se, the

trial court must demonstrate substantial compliance with Crim.R. 44(A) by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 39, 816 N.E.2d 227.  In other words, the waiver must be made with an understanding of 1) the nature of the charges, 2) the range of sentences, 3) possible defenses and mitigation, and 4) all other facts essential to an understanding of the matter.  *Id*. at ¶ 40.

**{¶8}** A review of the record on appeal shows that no written waiver of counsel appears on the record.  There is no question that literal compliance with Crim.R. 44(C) is the preferred practice.  *Supra* at ¶ 38.  However, if a written waiver is not obtained, reversal is not required as long as the trial court substantially complied with Crim.R. 44(C).  *Id.*  A review of the record on appeal does not show that the trial court conducted a dialogue with the defendant regarding his waiver of counsel.  The record does show that the trial court repeatedly advised Sponsler to accept counsel and even appointed standby counsel for him.  The record also shows that Sponsler repeatedly indicated he wished to represent himself.  See Doc. 32, 56, and 79.  However, the record does not show that a colloquy occurred where the trial court explained the charges, the possible sentences, or the possible defenses and mitigation before proceeding to allow the defendant to represent himself.

{¶9} This court recognizes that no transcript from the first part of the arraignment hearing on August 6, 2021, was provided to this court.[2] Normally, we would presume the regularity in the proceedings if the transcript was missing. *State v. Neff*, 135 Ohio App.3d 7, 1999-Ohio-875, 732 N.E.2d 1008 (3d Dist.). However, in this case, the issue before us is the waiver of a constitutional right and there is no written waiver as required by Crim.R. 44(C).

> **"Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show * * * that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. * * *"**

*State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 25, 863 N.E.2d 1024 quoting *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915 (1974). Since the record does not contain the written waiver and does not contain any showing that Sponsler properly waived his right to counsel, this Court must sustain the first assignment of error.

{¶10} Since this matter will be remanded due to the failure to obtain a valid waiver of counsel, the proceedings will begin again from arraignment, as that is when counsel would normally be waived. This would make the remaining assignments of error regarding discovery, denial of the motion for a competency

---

[2] A review of the notice of appeal shows that Sponsler requested a complete transcript.

hearing prior to sentencing, and the sentence imposed moot. This Court need not address them at this time. App.R. 12(A)(1)(c).

{¶11} Having found error prejudicial to the Appellant, the judgment of the Court of Common Pleas of Hancock County is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Remanded*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**