JOURNAL ENTRY AND OPINION
Defendant-appellant Thomas J. Wozniak (appellant) appeals from the dismissal of his counterclaim and the quashing of a subpoena.
Appellant assigns the following errors for review:
 I. THE MAGISTRATE ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS HIS CLAIM PURSUANT TO CIVIL RULE 41(A)(2).
 II. THE COURT ERRED IN QUASHING DEFENDANT'S SUBPOENA REQUIRING PLAINTIFF'S (SIC) TO PRODUCE AT TRIAL THE RECORD OF LAUNDRY RECEIPTS AT 2109 ARCHWOOD AVE. APARTMENTS.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On March 4, 1998, Key Trust Company of Ohio filed a complaint in Cleveland Municipal Court for forcible entry and detainer in which it asked that appellant be evicted from his apartment for non-payment of rent. Appellant answered and counterclaimed for rent abatement, intentional breach of contract, failure to renew lease, investigation of the apartment's custodian, and for attorney fees. Most of appellant's claims were based on his allegation that the custodian of the building stole funds from appellant's apartment. Apparently, appellant had previously filed a complaint based on these same causes of action in the court of common pleas. In that case, the trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6).
On March 26, 1998, the Cleveland Municipal Court approved and confirmed the decision of the magistrate finding for Key Trust on its complaint and ordering appellant's eviction. Appellant was evicted from the premises on April 8, 1998. Appellant's counterclaim remained pending.
Key Trust amended its complaint, with leave of court, to include a claim for unpaid rent. Appellant's claim regarding the investigation of the custodian was stricken by the magistrate. Apparently, on November 2, 1998, appellant delivered a subpoena to the property manager of the apartment building. Key Trust asked the trial court to quash the subpoena because the subpoena did not comply with Civ.R. 45. The subpoena at issue is not found within the record before this court.
On November 5, 1998, a hearing was held before the magistrate who heard evidence on the issues in dispute. A transcript or statement of the evidence is not in the court file. On December 5, 1998, appellant filed a motion to dismiss his counterclaim. In his motion, appellant argued that his counterclaim should be dismissed without prejudice because the testimony of some of his witnesses differed from previous conversations appellant had with the witnesses. Appellant attached an affidavit in support of his motion. In his affidavit, appellant relates certain conversations he had with his witnesses, but does not state any of the substance of those witnesses' testimony at the hearing. The magistrate issued a report which recommended that appellant's motion to dismiss be denied because the motion was filed a month after trial and merely reiterated appellant's factual arguments advanced at the hearing. The magistrate also recommended quashing the subpoena appellant apparently attempted to serve on Key Trust's property manager. The trial court approved and confirmed the magistrate's report. Judgment was entered for Key Trust for two thousand seven hundred fifty dollars ($2,750.00), plus costs and interest. Judgment on appellant's counterclaim was entered in favor of Key Trust.
 II.
In his first assignment of error, appellant contends the magistrate erred by denying appellant's motion to dismiss his counterclaim without prejudice. Appellant argues that his motion to dismiss should have been granted based upon the surprise testimony of his witnesses. The transcript of the hearing at which the testimony was heard is not a part of the record before this court.
An appellant bears the burden of showing error by reference to matters in the record. See App.R. 16(A)(6) and (7). The appellant has the duty of providing a reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313.
 When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. In the absence of a complete and adequate record, an appellate court must presume the regularity of the proceedings below and the validity of the trial court's judgment. Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289. The same rules apply even though the appellant proceeds pro se. Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357.
Appellant's argument centers on the testimony of his witnesses. Because none of the testimony from the hearing is before this court, the basis for appellant's assignment of error cannot be discerned from the record. Therefore, this court will presume that the trial court's ruling was valid and affirm.
Appellant's first assignment of error lacks merit.
 III.
Appellant's second assignment of error challenges the ruling of the trial court quashing the subpoena. Neither the subpoena nor any indication that it was properly served is in the record. For the reasons stated above, the validity of the ruling of the trial court will be presumed and the judgment affirmed.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and MICHAEL J. CORRIGAN, J. CONCUR.
 ___________________________ LEO M. SPELLACY, JUDGE