DECISION
{¶ 1} Khaled Khamees appeals from the overruling of his Civ. R. 60(B) motion filed in the Franklin County Court of Common Pleas, Division of Domestic Relations. He assigns a single error for our consideration:
 I. The Trial Court committed error when it denied and dismissed the Petitioner-Husband, Khaled Khamees's, motion for relief pursuant to Civil Rule 60(B) without an evidentiary hearing and subsequently failed to grant the requested relief. *Page 2 
 {¶ 2} Khaled Khamees and Safaa El Oraby filed for a dissolution of the marriage on September 21, 2005. The separation agreement they had signed included a provision which read:
 III. PROPERTY
 (A) Real Estate. Wife shall have sole and exclusive occupancy of the marital residence, known as and located at 3477 River Landings Blvd., Hilliard, Ohio 43026.
 Husband shall quit-claim all his right, title and interest in and to the marital residence. Wife shall pay and hold Husband harmless on the Wells Fargo mortgage (solely in Wife's name) and utilities for the marital residence.
 {¶ 3} An assets and liabilities form filed at the same time listed a mortgage in the sum of $238,000, but does not indicate who all is indebted on the mortgage. The form is signed by Safaa El-Oraby only.
 {¶ 4} A similar form signed by Khaled Khamees is also in the record. His form lists no mortgage indebtedness.
 {¶ 5} A final hearing on the dissolution was conducted on November 17, 2005 and the dissolution was granted.
 {¶ 6} Following the dissolution, the parties litigated child support related issues and at least by February 2008, Khaled Khamees was represented by his own counsel.
 {¶ 7} On March 26, 2008, Khaled Khamees filed a motion for relief from judgment under Civ. R. 60(B). Khaled Khamees indicated that he had been unaware that he was still obligated on the mortgage where his ex-wife and children resided, since the paperwork signed at the time of the dissolution indicated that his ex-wife had the *Page 3 
mortgage solely in her name. The motion requested that Safaa El-Oraby be ordered to refinance the property and remove his name from the mortgage.
 {¶ 8} A judge of the domestic relations court signed a standard form dismissing the Civ. R. 60(B) motion "without prejudice" on April 10, 2008. No hearing was conducted on the motion. This appeal then ensued.
 {¶ 9} The paperwork prepared in this dissolution is less than exemplary. An attorney represented Safaa El-Oraby. Khaled Khamees had no attorney at that time. An assertion that Khaled Khamees did not know that he became obligated on a mortgage when he and his then-wife bought a house worth over $250,000 strains credibility to the maximum. Whether Khaled Khamees thought that by quit-claiming the house to his wife/soon to be ex-wife, he somehow was relieved of all indebtedness to the bank which held the mortgage is a separate issue.
 {¶ 10} Khaled Khamees may well have misunderstood the situation, but his failure to obtain legal advice at the time of his dissolution makes that error his responsibility.
 {¶ 11} A Civ. R. 60(B) motions needs to be filed promptly after the mistaken judgment entry is journalized. The delay of over two years in filing the motion is fatal to this particular motion. Civ. R. 60(B) motion based upon mistake, inadvertence, surprise or excusable neglect (Civ. R. 60[B][1]) must be filed within one year. Similarly, motions alleging fraud, misrepresentation or other misconduct of an adverse party (Civ. R. 60[B][3]) must be filed within one year.
 {¶ 12} The trial court correctly overruled the motion, since on its face, it was filed too late. *Page 4 
 {¶ 13} The sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
KLATT and T. BRYANT, JJ., concur.
 T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1