[Cite as *Hirshman v. Dininny*, 2011-Ohio-2149.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 95325

---

## JUDITH L. HIRSHMAN

PLAINTIFF-APPELLEE

vs.

## DAVID R. DININNY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Division of Domestic Relations
Case No. D-279106

**BEFORE:** Rocco, J., Boyle, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

**ATTORNEYS FOR APPELLANT**

Vincent A. Stafford
Anne C. Fantelli
Gregory J. Moore
Stafford & Stafford, Co., L.P.A.
The Stafford Building
2105 Ontario Street
Cleveland, Ohio 44115


**ATTORNEY FOR APPELLEE**

Gary S. Okin
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


KENNETH A. ROCCO, J.:

{¶ 1} Appellant David Dininny appeals from the order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, that denied his Civ.R. 60(B) "motion to vacate/motion for relief from [the] judgment" of dissolution of his marriage, which the court entered in 2001.

{¶ 2} Dininny presents four assignments of error. He argues he demonstrated grounds for relief under either Civ.R. 60(B)(4) or (5), the trial

court should have conducted a hearing on his motion, and the trial court's decision is not supported by the manifest weight of the evidence.

{¶ 3} Upon a review of the record Dininny furnished, this court finds no error. Consequently, the trial court's decision is affirmed.

{¶ 4} This action was commenced by Dininny and his former wife, appellee Judith Hirshman, in March 2001, when they petitioned the trial court for a decree of dissolution of their eleven-and-a-half year marriage. Dininny and Hirshman informed the court they had "agreed to and executed a Separation Agreement and Plan for Shared Parenting" of their only child; they attached documents to their petition for the court's convenience.

{¶ 5} Part III of the "Shared Parenting Plan" the parties submitted stated in pertinent part as follows:

{¶ 6} "(A) <u>SUPPORT OF MINOR CHILD</u>

{¶ 7} " * * * Father shall pay to the Mother as and for child support the total sum of * * * $2071.34) per month, for the minor child * * *.

{¶ 8} "Such child support obligation shall continue until the child reaches the age of majority * * * .

{¶ 9} "(E) <u>COLLEGE EXPENSES</u>

{¶ 10} "The father shall provide the full costs associated with the child attending and retaining a degree at a college or university of the child's

choice, regardless of whether the particular institution is in-state or out-of-state, and/or a public or private institution. Associated costs, [sic] includes but is not limited to tuition, room and board, books, activity fees and transportation. * * * "

{¶ 11} On April 19, 2001, following a hearing, the trial court entered a decree of dissolution. The parties' separation and shared parenting agreements were attached to the decree and incorporated by reference, since "the parties acknowledged they were still in agreement as to the terms thereof * * * ."

{¶ 12} The record reflects that on May 18, 2010, Dininny filed several motions in an effort to alter his obligations with respect to child support. He entitled one of those motions as follows: "Motion to vacate/Motion for relief from judgment," with "request for oral hearing motion for attorney fees."

{¶ 13} The record on appeal, however, does not include the foregoing motion.

{¶ 14} The record includes only Dininny's "motion to modify child support and other orders pertaining to expenses for minor child [and] motion for attorney fees."

{¶ 15} According to the record, Dininny sent a copy of his motion to Hirshman by means of a "special process server." On May 25, 2010, the trial court issued a journal entry, stating the following:

{¶ 16} "Upon review of Petitioner-2 David Dininny's motion for relief from judgment pursuant to Civil Rule 60 #299980, the Court finds said motion <u>not</u> to be well-taken. The Court finds Petitioner-2 has not established a prima facie case for relief because there is no explanation for the nine-year delay in bringing this [motion]. Accordingly, he had not met the third prong of the test set forth in *GTE Automatic Electric v. ARC Industries* (1976) 47 Ohio St.2d 46, 351 N.E.2d 113, i.e., the timeliness factor. A motion for relief from judgment must be brought within a reasonable period of time. See *Rodgers v. Rodgers* (June 25, 2009) Cuyahoga App. No. 91877, 2009-Ohio-3059 where the appellate court upheld a trial court's dismissal of a motion for relief from judgment because movant had not met his duty to adequately address the timeliness of the motion. See also *Francis v. Francis* (Feb. 25, 2010) Cuyahoga App. No. 93228, 2010-Ohio-676.

{¶ 17} " * * *

{¶ 18} "IT IS FURTHER ORDERED that Motion for relief from judgment #299980 is dismissed without prejudice. * * * "[1]

---

[1]Despite the trial court's language, there is no provision in the Ohio Civil

{¶ 19} Dininny filed a timely notice of appeal from the foregoing order. He presents four assignments of error.

{¶ 20} "**I.    The trial court erred and abused its discretion by denying [Appellant's] motions [sic] pursuant to Civil Rule 60(B)(4).**

{¶ 21} "**II.    The trial court erred and abused its discretion by denying [Appellant's] motions [sic] pursuant to Civil Rule 60(B)(5).**

{¶ 22} "**III.    The trial court erred and abused its discretion by ruling on [Appellant's] motions [sic] without holding an evidentiary hearing.**

{¶ 23} "**IV.    The trial court erred and abused its discretion by denying [Appellant's] motions [sic] as its decision was against the manifest weight of the evidence.**"

{¶ 24} Dininny argues that the trial court should have granted him relief from the dissolution order because it was "procured through coercive and egregious tactics," had a "grossly excessive and disproportionate effect" on him, and his affidavit established the necessary requirements for a successful Civ.R. 60(B) motion under either subsection (4) or (5).[2]    Dininny

---

Rules of Procedure for a "dismissal" of a Civ.R. 60(B) motion "without prejudice." See, e.g.,  *El Oraby v. Khamees*, Franklin App. No. 08AP-359, 2008-Ohio-5437.

[2] Civ.R. 60(B) permits a trial court to grant a party relief from a final judgment under the following pertinent circumstances:

further argues that, at the least, the trial court should have conducted a hearing on his motion. This court cannot agree.

{¶ 25} In order to prevail on a motion for relief from judgment brought pursuant to Civ.R. 60(B), the movant must demonstrate: 1) a meritorious claim or defense; 2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; *Buckeye Fed. Sav. & Loan Assn. v. Gurlinger* (1991), 62 Ohio St.3d 312, 314, 581 N.E.2d 1352. These requirements are independent and in the conjunctive; therefore, a failure to establish any one of these requirements forecloses relief. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914.

{¶ 26} The trial court has discretion to decide whether to grant relief from judgment; consequently, its determination will be reversed only upon a showing that it abused its discretion. *Rose Chevrolet, Inc. v. Adams* (1988),

---

" (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

Pursuant to the rule, a motion based upon these two reasons must be made "within a reasonable time."

36 Ohio St.3d 17, 20-21, 520 N.E.2d 564; *Adomeit v. Baltimore* (1974), 39 Ohio St.2d 97, 316 N.E.2d 469. Similarly, the trial court has discretion whether to hold a hearing before ruling on the motion. *Tokar v. Tokar*, Cuyahoga App. No. 93506, 2010-Ohio-524. Where grounds for relief from judgment do not appear on the face of the record, a court may deny the motion without a hearing. Id., citing *Matson v. Marks* (1972), 32 Ohio App.2d 319, 291 N.E.2d 491, paragraph five of the syllabus; *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 371 N.E.2d 214, syllabus.

{¶ 27} Initially, this court once again notes that the record on appeal does not contain Dininny's "Motion to vacate/motion for relief from judgment." It is axiomatic that the appellant has the duty of providing the reviewing court with a record of any matters necessary to support the appellant's assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237.

{¶ 28} When portions of the record necessary for resolution of assigned errors are omitted, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm its decision. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; *Wells v. Spirit Fabricating, Ltd.* (1996), 113 Ohio App.3d 282, 288-289, 680 N.E.2d 1046.

Dininny's assignments of error may be overruled simply on this basis. *Volodkevich*.

**{¶ 29}** Nevertheless, even if this court assumes the affidavit Dininny attached to his "motion to modify child support" was identical to the one he attached to his Civ.R. 60(B) motion, the record still supports the trial court's decisions. Dininny failed to meet even one of the necessary requirements.

**{¶ 30}** "[M]utual consent is the cornerstone of [Ohio's] dissolution law." *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 144, 493 N.E.2d 1353. Thus, "[c]ourts must be wary and ensure that relief under Civ.R. 60(B) is justified, not merely a tool used 'to circumvent the terms of a settlement agreement simply because, with hindsight, [the moving party] has thought better of the agreement which was entered into voluntarily and deliberately." *Jones v. Jones*, Meigs App. No. 09CA11, 2010-Ohio-2235, ¶13, citing *McLoughlin v. McLoughlin*, Franklin App. No. 05AP-621, 2006-Ohio-1530, at ¶24.

**{¶ 31}** In this case, the dissolution agreement's terms clearly stated that Dininny would pay for the child's education through college. It strains credulity to credit an assertion that he did not know his son might choose to attend an expensive institution. *El Oraby v. Khamees*, Franklin App. No. 08AP-359, 2008-Ohio-5437. Moreover, as do many couples who choose to petition for a dissolution of their marriage, Dininny and Hirshman chose one

attorney to represent both of them; he cannot now legitimately claim that attorney failed to represent his interests. *GTE Automatic Elec.*, at paragraph four of the syllabus. Finally, as the trial court correctly pointed out, Dininny's affidavit provided absolutely no explanation for his nine-year delay in seeking relief; obviously, he simply had a "change of heart" about funding his child's college education. *Pumper v. Pumper,* Cuyahoga App. No. 93916, 2010-Ohio-4131*, ¶12; Jones, ¶14; Rodgers v. Rodgers*, Cuyahoga App. No. 91877, 2009-Ohio-3059, ¶21; cf., *Francis v. Francis*, Cuyahoga App. No. 93228, 2010-Ohio-676, ¶19-20.

**{¶ 32}** Since the record supports the trial court's decision, Dininny's assignments of error are overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR